Peter **BILLINGSLEY**,
Petitioner–Appellant,

v.

**COMMISSIONER OF the INTERNAL REVENUE SERVICE**,
Respondent–Appellee.

No. 87–7386.

United States Court of Appeals,
Ninth Circuit.

Argued Dec. 13, 1988.

Submitted Dec. 15, 1988.

Decided Feb. 28, 1989.

Martin B. Cowan, Milbank, Tweed, Hadley & McCloy, New York City, for petitioner-appellant.

William S. Rose, Jr., Asst. Atty. Gen., and Gary R. Allen, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before FLETCHER, BEEZER and O'SCANNLAIN, Circuit Judges.

## OPINION

FLETCHER, Circuit Judge:

Peter Billingsley, a minor who has a substantial income from his work in the entertainment industry, appeals the Tax Court's denial of his motion under Tax Court Rule 123(c)[1] to set aside the Tax Court's dismissal of his case for failure to prosecute. The motion was made on the ground that the Tax Court lacked jurisdiction. The Tax Court denied the motion, holding that it lacked jurisdiction to vacate its final order of dismissal. We reverse, holding that the Tax Court has jurisdiction to consider its own jurisdiction over the original petition, and remand to enable the Tax Court to undertake this consideration.

## FACTS

The facts of this case revolve around a series of communications between the Internal Revenue Service (IRS) and the taxpayer's accountant. None of the communications asserting liability of $51,227.70 were ever brought to the taxpayer's attention.[2]

The Commissioner of Internal Revenue (Commissioner) claims that on September 27, 1983, he mailed a letter to Billingsley, care of the accounting firm Bernard D. Kleinman & Co. (Kleinman), the address designated by Billingsley's father on an IRS power of attorney form executed in connection with an audit of Billingsley's

---

1. Rule 123(c) provides:
 *Setting Aside Default or Dismissal.* For reasons deemed sufficient by the Court and upon motion expeditiously made, the Court may set aside a default or dismissal or the decision rendered thereon.

2. The facts presented here are drawn from the motion papers and representations of counsel. Not all of the facts are free from dispute. It will be the task of the Tax Court on remand to make the findings of fact necessary to determine the underlying jurisdictional question.

1980 return.[3] This letter notified Billingsley of the Commissioner's proposed redetermination of his 1980 federal income tax liability, and allowed Billingsley 30 days to respond.

Because there was no response to the "30-day letter," the Commissioner sent a notice of deficiency by registered mail to Billingsley care of Kleinman, dated March 28, 1984. Sheldon P. Hirsch, the certified public accountant at Kleinman responsible for Billingsley's account responded to the notice with a letter stating his disagreement with the deficiency findings and requesting an administrative review by the Appellate Section of the IRS. According to Billingsley, neither he nor his parents were aware of the notice of deficiency or Hirsch's letter.[4] Hirsch's letter was postmarked June 26, 1984, 90 days after the deficiency notice was sent.[5] The letter was filed as a petition by the Tax Court in Washington, D.C. The admissions clerk of the Tax Court sent a form letter to Hirsch notifying him that because he was not admitted to practice before that court, he could not be recognized as counsel of record.

On July 13, 1984, the Tax Court issued an order granting Billingsley until September 13, 1984—later extended to November 1, 1984—to file a proper petition and pay the requisite filing fee. Hirsch filed an amended petition on behalf of Billingsley[6] on October 30, 1984, causing the admissions clerk to send him another copy of the form letter. Nevertheless, the amended petition was filed. Again, Billingsley and his parents deny ever being made aware of these communications.

The case was set for trial on February 10, 1986. A notice of this trial date was sent to Billingsley, care of Hirsch, on September 26, 1985.[7] Five days before the scheduled trial date, the IRS Deputy District Counsel wrote to Billingsley, this time by express mail to a New York residential address, notifying him that if he or his parents did not contact the District Counsel's office by the following day to arrange a stipulation conference, the IRS would move to dismiss the case when it was called for trial. On February 8, Billingsley's cousin forwarded the letter by express mail to Billingsley in Arizona, and he received it the next day.[8] This was, according to Billingsley, the first time any communication about this case reached him.

Billingsley's father called Hirsch's office on February 10, the 9th being a Sunday. Hirsch apparently told him that the letter was a mistake and nothing to worry about.[9] Meanwhile, back in New York, unknown to the Billingsley family, the Commissioner moved to dismiss Billingsley's petition for lack of prosecution. The Tax Court granted the motion on February 18, and issued a decision that there was a deficiency of $48,835.90 in income tax due for the taxable year 1980, plus a penalty of $2,441.80.

The IRS informed Billingsley of the tax due in a notice dated November 3, 1986, mailed this time to his Arizona address. Billingsley filed a motion on December 12,

3. Although a copy of this letter appears in the record, Billingsley and his parents deny ever receiving this letter; nor is there any record that it was ever received by Kleinman.

4. From April 12, 1984 on, Billingsley has used the address of his accountant in Phoenix, Arizona as his filing address.

5. 26 U.S.C. § 6213(a) requires that a petition to redetermine a deficiency must be filed with the Tax Court within 90 days of the notice of deficiency.

6. Although the admissions clerk indicated in her initial letter to Hirsch that all future communications from the Tax Court would be with Billingsley, himself, the Tax Court continued to write to Billingsley care of Kleinman.

7. The notice provides, in eye-catching bold-face type, that "FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

8. The letter was forwarded the same day it was received by Billingsley's cousin. Delivery in New York was attempted on February 6 and 7; only on the 8th was someone available to sign for the letter.

9. The District Counsel's letter gave Billingsley a phone number to call, but did not provide a clue as to what the "case" was about, beyond the inference that it involved income tax. The letter made no reference to the Tax Court.

1986 to set aside the dismissal under Tax Court Rule 123(c), on the ground that the Tax Court lacked jurisdiction over the petition.[10] The Tax Court denied the motion on May 26, 1987, on the ground that because no notice of appeal had been filed in the case within 90 days after entry of judgment, the decision had become final and the Tax Court no longer had jurisdiction to vacate, modify or reconsider its decision.

Billingsley timely appeals to this court. We have jurisdiction over the appeal under 26 U.S.C. § 7482.

## ISSUE PRESENTED

The only issue before this court is whether the Tax Court erred in denying Billingsley's motion to set aside the dismissal of his petition for lack of jurisdiction on the grounds that the Tax Court lacks jurisdiction to reopen its decision once it becomes final.

## STANDARD OF REVIEW

Whether the Tax Court had jurisdiction to consider Billingsley's motion is a question of law, which we review *de novo*. *Abatti v. Commissioner*, 859 F.2d 115, 117 (9th Cir.1988).

## TAX COURT JURISDICTION

A decision of the Tax Court becomes final "[u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." 26 U.S.C. § 7481(a)(1). The notice of appeal must be filed within 90 days to be timely. 26 U.S.C. § 7483. A motion to vacate must be filed "within 30 days after the decision has been entered, unless the Court shall otherwise permit." Tax Court

Rule 162. The Tax Court may also set aside a default or dismissal "upon motion expeditiously made." Tax Court Rule 123(c). The term "expeditiously" is not defined, but implicitly is limited to the 90–day statutory period preceding finality.

◼ This court has repeatedly held that, as a general rule, once a decision has become final, the Tax Court no longer has jurisdiction to consider a motion to vacate. *See Abatti v. Commissioner*, 859 F.2d at 117 (9th Cir.1988); *Lasky v. Commissioner*, 235 F.2d 97, 100 (9th Cir.1956), *aff'd mem.*, 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed. 2d 598 (1957). This rule is a consequence of the broader rule that, as an Article I court, the Tax Court's jurisdiction to grant equitable relief is strictly limited. *Abatti*, 859 F.2d at 117–18. *Abatti* recognizes, however, that a decision which never becomes final, as opposed to a decision which *is* final but was entered erroneously, can be the subject of a motion to vacate even after the expiration of the time for appeal set forth in 26 U.S.C. § 7483. *Id.* at 118–19.

Consistent with this requirement that only final decisions pose a jurisdictional bar to a motion to vacate, we have recognized Tax Court jurisdiction to entertain such motions at any time, where the decision was obtained by fraud on the court. *Id.* at 118–19.[11] This is the first time any circuit has addressed the Tax Court's jurisdiction to consider a motion to vacate based on the Tax Court's lack of jurisdiction.

◼ The Tax Court, itself, has held that it can consider a motion to vacate a final decision where the decision was subject to a jurisdictional challenge. *Abeles v. Commissioner*, 90 T.C. 103, 105 (1988); *Brannon's of Shawnee, Inc. v. Commissioner*,

---

**10.** Jurisdiction over the original proceedings is challenged on several grounds. There is some question as to whether Hirsch's letter of June 26, 1984 was properly or timely filed. There is doubt that Billingsley authorized or ratified Hirsch's actions, which could also pose a jurisdictional bar. *See, e.g., Abeles v. Commissioner*, 90 T.C. 103 (1988). Finally, under the circumstances, Billingsley's "representative" may not have had capacity to sue in Tax Court on a minor's behalf. *See* Tax Court Rules 60(c) and

(d) (capacity of minor). We express no opinion as to the merits of these claims.

**11.** Other circuits have recognized a second exception where the decision was based on mutual mistake. *See, e.g., Reo Motors, Inc. v. Commissioner*, 219 F.2d 610 (6th Cir.1955); *La Floridienne J. Buttgenbach & Co. v. Commissioner*, 63 F.2d 630 (5th Cir.1933). This exception is not recognized in this circuit. *See Abatti*, 859 F.2d at 118.

69 T.C. 999, 1002 (1978). According to these opinions, a decision reached without jurisdiction is a legal nullity, and therefore "not a decision at all." The jurisdictional defect prevents the defective decision from ever becoming final.[12] *Brannon's*, at 1002. *See also Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir.1985) (decision reached by district court lacking jurisdiction is "void" for purposes of Fed.R.Civ.P. 60(b)(4)).

This is the same reasoning we used in *Toscano v. Commissioner*, 441 F.2d 930, 933 (9th Cir.1971), where we recognized that a decision obtained by fraud on the Tax Court is "not a decision at all" and could therefore be set aside at any time. The analogy to jurisdictional defects is compelling. Recognizing in this case an exception to the general rule that the Tax Court loses jurisdiction after ninety days is consistent with the distinctions *Abatti* and *Toscano* draw between fraud on the court on the one hand and neglect, intervening change of law, or newly discovered evidence on the other—the latter are treated differently because they do not deprive the ruling of the Tax Court of decisional status. *See Abatti*, 859 F.2d at 118; *Toscano*, 441 F.2d at 932–33.

 Indeed, it would border on absurdity to erect a jurisdictional bar to the Tax Court's capacity to consider its own jurisdiction. Where a procedural requirement is jurisdictional, failure to comply with that procedure divests the court of subject matter jurisdiction. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983); *Brannon's*, 69 T.C. at 999–1000 (proper and timely filing of petition essential for Tax Court subject matter jurisdiction under Tax Court Rule 13(c)). Subject matter jurisdiction is fundamental; "[t]he defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine*, 704 F.2d at 1077.

Were we to affirm the Tax Court's denial of Billingsley's motion, no forum would be available to provide direct review of the Tax Court's original exercise of jurisdiction over Billingsley. Fed.R.App.P. 13(a) limits this court's jurisdiction to appeals filed within 90 days after the decision of the Tax Court is entered; this filing period is tolled only by "a *timely* motion to vacate or revise a decision made pursuant to the Rules of Practice of the Tax Court." (Emphasis added).

## CONCLUSION

The Tax Court had jurisdiction to consider Billingsley's motion to vacate its original decision for lack of jurisdiction. We therefore REMAND to the Tax Court to entertain Billingsley's motion.

---

12. For our purposes, greater logical precision is not necessary. Whether the decision is not a decision at all, or is a decision, but not a final one, is not important. Failure to satisfy either element renders the jurisdictional bar inapplicable.