JOHN R. CASEY, JR. and TONI C. CASEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Casey v. Commissioner
Docket No. 5226-84
United States Tax Court
T.C. Memo 1992-672; 1992 Tax Ct. Memo LEXIS 716; 64 T.C.M. (CCH) 1353; November 23, 1992, Filed *716 An order will be issued denying petitioner's motion to vacate. For Toni C. Casey, Petitioner: Donald E. Bradley. For Respondent: Catherine J. Caballero. SCOTT, PANUTHOS
SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was heard by Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on petitioner Toni C. Casey's motion to vacate a decision of this Court entered on May 7, 1990. A notice of deficiency was issued to petitioners on December 2, 1983, determining deficiencies and additions to tax as follows: Additions To Tax
Year
Deficiency
Sec. 6653(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1979
$ 87,245 $ 4,362 --
--
1980
536,416
28,171
--
--
1981
117,593
--
$ 5,880
[1]
*717 This is one of many cases involving First Western Government Securities. See Freytag v. Commissioner, 501 U.S.    , 111 S.Ct 2631 (June 27, 1991). A decision in this case was entered on May 7, 1990, by the Court pursuant to a stipulated agreement of the parties. The parties stipulated that petitioners had a deficiency for the taxable year 1979 in the amount of $ 74,604. The parties further agreed that there was an overpayment of $ 556 for 1980 and no deficiency or overpayment due for 1981. The parties also agreed that no additions to tax were due for the years in issue. The issues to be decided are: (1) Whether the decision should be vacated on the ground that the court lacked jurisdiction with regard to petitioner Toni C. Casey; (2) if we do have jurisdiction with regard to petitioner Toni C. Casey, whether the decision should be vacated on the ground that it resulted from a "fraud on the court", and (3) if we decide we *718 do have jurisdiction with respect to petitioner Toni C. Casey, and further decide that there is a fraud on the court, whether petitioner Toni C. Casey qualifies as an innocent spouse. Background
John R. Casey (Mr. Casey) and Toni C. Casey (Mrs. Casey or petitioner) are petitioners in this case. Some of the facts have been stipulated and are so found. At the time of filing the petition herein, both petitioners resided in Los Altos, California. Petitioners were married in 1967. During their marriage, Mr. Casey worked as a financial consultant. In 1974, Mrs. Casey graduated from Stanford University with a masters degree in business. She also has an advanced degree in health care administration from Stanford University. Mrs. Casey has worked for a large "Fortune 500" corporation and has established her own business as a marketing consultant. She has also owned and operated two restaurants. Mr. and Mrs. Casey filed joint Federal income tax returns for the taxable years 1979, 1980, and 1981. In 1981, petitioners established separate residences. Mrs. Casey remained in the marital home in Los Altos while Mr. Casey moved to an apartment in San Francisco. In late 1983 or *719 early 1984, Mr. Casey moved to a separate residence in Los Altos. A final decree of divorce was entered in April 1984. In 1982, respondent began an audit of petitioners' 1979, 1980, and 1981 joint Federal income tax returns. On May 18, 1982, petitioners signed a power of attorney (Form 2848) authorizing J. Richard Lombardi, petitioners' accountant, to represent them with respect to income taxes for the years 1979, 1980, and 1981. On September 22, 1982, petitioners signed a consent to extend the time to assess tax (Form 872) extending the period of limitations for the taxable year 1979 to December 31, 1983. On December 2, 1983, respondent mailed to petitioners by certified mail duplicate notices of deficiency for the years 1979, 1980 and 1981. The notices were mailed to Mrs. Casey at her Los Altos address and to Mr. Casey at his business address in San Francisco. A copy of the notice of deficiency was also mailed to Mr. Lombardi. Petitioner normally forwarded all correspondence from the Internal Revenue Service, usually unopened, to Mr. Lombardi or Mr. Casey. While not entirely clear, it appears petitioner also forwarded the notice of deficiency, unopened, to Mr. Casey. After *720 Mr. Casey received the notice of deficiency, he retained attorney Charles Thompson to petition the Tax Court. On March 1, 1984, a petition was timely filed in the names of John R. Casey, Jr., and Toni C. Casey. Charles Thompson signed the petition as counsel for petitioners. The Tax Court entered the stipulated decision on May 7, 1990. The decision was signed by Charles Thompson as counsel for petitioners. The substance of the agreed decision has been previously set forth herein. Petitioner first learned of the disposition of the case in July 1990, when she received a statement of tax due from respondent. Although petitioner was aware respondent was examining her joint Federal income tax returns, she was not aware the examination had evolved to a proceeding before the Tax Court. Apparently Mr. Casey did not inform petitioner of the Tax Court proceeding because he felt the tax liability was a matter of his responsibility and he lost track of the fact that petitioner might also be held liable for any deficiencies. Petitioners' Motion for Leave to File Motion Out of Time to Vacate Decision was filed on March 28, 1991. Petitioners' motion to vacate was lodged on the same date. *721 By order dated October 25, 1991, we granted petitioners' motion for leave to file the motion to vacate. Petitioner first argues that the Court lacked jurisdiction to enter the stipulated decision as to her because she neither authorized Charles Thompson to petition the Tax Court on her behalf nor did she subsequently ratify his act in doing so. Petitioner also argues that the decision should be vacated as to her because it was entered as a result of fraud on the Court. Discussion
Sections 7481 and 7483 provide that a decision of this Court becomes final, in the absence of a timely filed notice of appeal, 90 days from the date the decision was entered. As a general matter, we are without jurisdiction to vacate a decision after it becomes final. However, we have jurisdiction to vacate a decision that has become final where the Court lacked jurisdiction when the decision was entered. Billingsley v. Commissioner, 868 F.2d 1081, 1084-1085 (9th Cir. 1989), remanding an Order of this Court; Abeles v. Commissioner, 90 T.C. 103, 105 (1988). We also have jurisdiction to vacate a decision that was entered as a result *722 of fraud on the Court. Billingsley v. Commissioner, supra at 1085; Toscano v. Commissioner, 441 F.2d 930, 933 (9th Cir. 1971), vacating an Order of this Court. Since the decision in this case became final upon the expiration of the time allowed for filing a notice of appeal, petitioner must establish that we lacked jurisdiction to enter the decision or that a fraud on the Court exists. Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 (2d Cir. 1975), affg. an Order of this Court; Kenner v. Commissioner, 387 F.2d 689 690-691 (7th Cir. 1968), affg. an Order of this Court; Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1001-1002 (1978). The burden of proof is on the party filing the motion to vacate. See Brannon's of Shawnee, Inc. v. Commissioner, supra at 1002. Neither the Internal Revenue Code nor the Tax Court's Rules of Practice and Procedure prescribe the method whereby a taxpayer grants authority to an attorney to petition the Tax Court. Whether an attorney has authority to *723 act on behalf of a taxpayer is a factual question to be decided according to the common-law principles of agency. Adams v. Commissioner, 85 T.C. 359, 369-372 (1985); Kraasch v. Commissioner, 70 T.C. 623, 627-629 (1978); John Arnold Executrak Systems, Inc. v. Commissioner, T.C. Memo 1990-6. Under the common-law principles of agency, authority may be granted by express statements or may be derived by implication from the principal's words or deeds. John Arnold Executrak Systems, Inc. v. Commissioner, supra (citing Restatement, Agency 2d, sec. 26 (1957)). In Kraasch v. Commissioner, supra at 627, we decided that the taxpayers' practice of continually forwarding tax matters to their accountant established an implied grant of authority. Similarly in Shopsin v. Commissioner, T.C. Memo 1984-151, affd. without published opinion 751 F.2d 371 (2d Cir. 1984), we held that the taxpayers' accountant was authorized to petition the Tax Court because the taxpayers routinely and without *724 question placed their tax affairs in the hands of their accountant. In the case at hand, petitioner, by her conduct, impliedly authorized Mr. Casey to represent her with respect to their joint income tax matters. Petitioner executed a power of attorney on behalf of Mr. Lombardi and also executed a consent to extend the period of limitations to assess tax after she and her husband separated. Petitioner testified that she continually forwarded all communications from respondent to Mr. Casey or Mr. Lombardi. We conclude that she received the statutory notice mailed to her by respondent and forwarded it to Mr. Casey. Petitioner did this fully aware that respondent was examining income tax returns for which she could be held liable. These facts indicate petitioner deferred to Mr. Casey with regard to their joint income tax matters. Therefore, we find that petitioner impliedly authorized Mr. Casey to handle the tax matters in issue. Since Mr. Casey directed Charles Thompson to petition the Tax Court, Mr. Thompson acted within his proper scope of authority when he petitioned the Court on behalf of Mr. Casey and petitioner with respect to their joint income tax liability. Thus, we *725 find that petitioner invoked the jurisdiction of the Tax Court by impliedly consenting to the filing of a joint petition. Accordingly, this Court had jurisdiction with respect to Mrs. Casey. Petitioner also contends that the May 7, 1990 decision of the Tax Court should be vacated on the ground that such decision was reached as a result of fraud on the Court. We defined fraud on the Court in Abatti v. Commissioner, 86 T.C. 1319, 1325 (1986), affd. 859 F.2d 115 (9th Cir. 1988), as follows: Fraud on the court is "only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, inter partes, without more, should not be a fraud upon the court." Toscano v. Commissioner, 441 F.2d at 933, quoting 7 J. Moore, Federal Practice, par. 60.33 (2d ed. 1970). To prove such fraud, the petitioners must show that an intentional plan of deception designed to improperly influence the Court *726 in its decision has had such an effect on the Court. * * *
The burden is on the moving party to show such fraud by clear and convincing evidence. Kraasch v. Commissioner, supra at 626; Spielberger v. Commissioner, T.C. Memo. 1989-444. Petitioner relies on Toscano v. Commissioner, 441 F.2d 930 (9th Cir. 1971), vacating an Order of this Court, to support her claim of fraud on the Court. However, the facts in Toscano are very different from the facts here. Mr. Toscano was not married when he filed what purported to be a joint return. The Court held that Mr. Toscano either forged the signature of Ms. Zelasko as his spouse or coerced her to sign the joint return against her will. Mr. Toscano perpetrated three frauds. First, he defrauded the Commissioner by filing a fraudulent joint income tax return claiming he owed less tax than allowed by the law. Second, he defrauded Ms. Zelasko by purporting to make her liable for his taxes. Third, he carried this fraud to the Tax Court when he petitioned the Court for a redetermination of deficiency. The fraud upon this Court culminated when *727 the Court held Ms. Zelasko liable for the tax deficiency. Unlike Toscano v. Commissioner, supra, petitioners in the instant case were married and Mrs. Casey signed the joint returns. Petitioners were subject to joint and several liability for any deficiencies with respect to their joint returns. Sec. 6013(d)(3). Mrs. Casey also knew respondent was examining income tax returns for which she could be held liable. As previously indicated, she executed a power of attorney on behalf of Mr. Lombardi after she and her husband separated. Although she could have monitored the matter more closely, she chose not to. Furthermore, we have found that petitioner impliedly authorized Mr. Casey to handle tax matters including the filing of a petition on her behalf. These facts clearly distinguish Toscano v. Commissioner, supra, from the instant case. Assuming that Mr. Thompson and Mr. Casey failed to keep petitioner apprised of the Tax Court proceeding, and assuming further that such failure constituted fraud, it would not amount to a "fraud on the Court". [2] Accordingly, petitioner's motion to vacate will be denied. Based on *728 our conclusions, we need not consider the arguments made by petitioner with respect to her entitlement to innocent spouse status under section 6013(e). *729 To reflect the foregoing, An order will be issued denying petitioner's motion to vacate. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the deficiency.↩
2. We need not, and do not, lacking jurisdiction over the matter, decide whether Mrs. Casey may have a cause of action against Mr. Casey or Mr. Thompson. Nor does the opinion in Devore v. Commissioner, 963 F.2d 280 (9th Cir. 1992), revg. and remanding Estate of Cole v. Commissioner, T.C. Memo. 1989-623, require a different result. In Devore v. Commissioner, the Court of Appeals considered a standard of whether there were "extraordinary circumstances" in determining whether the record should be reopened. Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986); Estate of Bailly v. Commissioner, 81 T.C. 949, 951 (1983). Here, the issue is not one of reopening the record, but rather one of vacating the final decision. Since the decision here was final, the enunciated standard requires a finding that we did not have jurisdiction to enter the decision or that there was a fraud on the Court. Billingsley v. Commissioner, 868 F.2d 1081, 1084-1085 (9th Cir. 1989), remanding an Order of this Court; Toscano v. Commissioner, 441 F.2d 930, 933↩ (9th Cir. 1971).