28 F.3d 111
 74 A.F.T.R.2d 94-5098
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry D. WEBB, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70823.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 17, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry D. Webb appeals pro se the tax court's September 9, 1993 order refusing to file his motion to dismiss for lack of subject matter jurisdiction. Webb filed his motion after the tax court dismissed for failure to prosecute his action challenging the Commissioner of the Internal Revenue Service's ("IRS") determination of income tax deficiencies for the tax years 1984 through 1988. Because Webb's case had been closed, the tax court refused to consider the merits of Webb's motion on the ground that Webb had not complied with tax court rules for the filing of a motion to vacate. We have jurisdiction under 26 U.S.C. Sec. 7482, and we vacate the tax court's order and remand this matter to the tax court for further consideration.
 
 
 3
 * Finality
 
 
 4
 As an initial matter, we consider the IRS' contention that this court lacks jurisdiction over Webb's appeal because the tax court's decision was not a final, appealable order. The IRS's contention lacks merit.
 
 
 5
 Under 26 U.S.C. Sec. 7482(a)(1), this court has jurisdiction to review decisions of a tax court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." Accordingly, the finality rule of 28 U.S.C. Sec. 1291, granting appellate courts jurisdiction over appeals from final decisions of district courts, applies to the review of tax court decisions. Cheng v. Commissioner, 878 F.2d 306, 309 (9th Cir.1989). The Supreme Court has said that a "final decision" for section 1291 purposes "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Where the decision at issue is post-judgment, however, this court has applied a practical, rather than a technical, construction of finality because "unless such orders are found final, there is often little prospect that further proceedings will occur to make them final." United States v. Washington, 761 F.2d 1404, 1406 (9th Cir.1985), cert. denied, 474 U.S. 1100 (1986); see Wilkinson v. FBI, 922 F.2d 555, 558 (9th Cir.1991) (denial of post-judgment discovery order final and appealable).
 
 
 6
 Here, the tax court's order refusing to consider the merits of Webb's motion to dismiss for lack of subject matter jurisdiction came after the court's final judgment in Webb's underlying tax-deficiency case. Because Webb's underlying case was closed, there could be no future proceeding that would occur to make the tax court's order final.[1] See Washington, 761 F.2d at 1406. Thus, the tax court's post-judgment order is a final decision, and we have jurisdiction to consider Webb's appeal. See id.
 
 II
 Merits
 
 7
 Webb contends that the tax court erred by failing to consider the merits of his motion to dismiss for lack of subject matter jurisdiction. We agree.
 
 
 8
 This court reviews for abuse of discretion a tax court's order refusing to consider a taxpayer's post-judgment motion. See Russell v. Commissioner, 678 F.2d 782, 784 (9th Cir.1982) (denial of leave to file motion to vacate); Nor-Cal Adjusters v. Commissioner, 503 F.2d 359, 363 (9th Cir.1974) (denial of motion to reopen the record for submission of additional evidence).
 
 
 9
 Generally, a tax court decision becomes "final" when the 90-day period for filing an appeal to this court expires. 26 U.S.C. Secs. 7481(a)(1), 7483. Rule 162 of the Tax Court Rules of Practice and Procedure provides that "[a]ny motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit." Where a taxpayer files a motion to vacate based on a lack of subject matter jurisdiction, the motion may be filed at any time, even after the expiration of the 90-day period for appeals. See Billingsley v. Commissioner, 868 F.2d 1081, 1085 (9th Cir.1989).
 
 
 10
 Here, on July 7, 1993, the tax court rendered its final decision in Webb's underlying tax-deficiency case. On August 6, 1993, the court received Webb's motion to dismiss for lack of subject matter jurisdiction. The tax court refused to file Webb's motion and returned it to him unopened, together with notice that Webb was required to file a motion for leave to vacate and a motion to vacate before the court would consider the merits of his request. Webb refiled his motion with the tax court, together with a letter stating that the court had jurisdiction to consider its subject matter jurisdiction at any time. See Billingsley, 868 F.2d at 1084-85. The tax court responded with the order refusing to file Webb's motion for failure to comply with Rule 162.
 
 
 11
 Although Webb's motion was titled a motion to dismiss for lack of jurisdiction, we conclude that the tax court abused its discretion by not construing the motion as one to vacate the tax court's earlier decision on the ground of lack of subject matter jurisdiction. See Russell, 678 F.2d at 784. First, although pro se litigants are expected to abide by the rules of the tax court, see Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986), this court has held that "[s]uch taxpayers' access to Tax Court review should not be barred by legal technicalities." See Christensen v. Commissioner, 786 F.2d 1382, 1384 (9th Cir.1986). Thus, the tax court was required to construe liberally Webb's pleadings in applying its rules of practice and procedure. See id.
 
 
 12
 Second, in keeping with the time restrictions set forth in Rule 162, Webb filed his motion within 30 days of the tax court's July 7, 1993 decision. Thus, if Webb's motion had been construed as a motion to vacate, it was timely filed, and contrary to the tax court's instructions, Webb would not have been required to request leave to file a motion to vacate. See Tax Court Rule 162; Abatti v. Commissioner, 859 F.2d 115, 117 (9th Cir.1988).
 
 
 13
 Finally, as Webb pointed out in his letter to the tax court, a motion to vacate on the ground of lack of subject matter jurisdiction may be considered by the tax court at any time. See Billingsley, 868 F.2d at 1084-85. Although Webb mislabeled his motion, in view of his pro se status, the tax court should have considered his challenge to jurisdiction as a valid basis to move to vacate the court's underlying decision. See id.
 
 
 14
 Accordingly, we vacate the tax court's order and remand Webb's motion for further consideration by the tax court in light of our decision.
 
 
 15
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IRS relied on this court's decision in Crateo, Inc. v. Intermark, Inc. (In re Crateo, Inc.), 536 F.2d 862, 869 (9th Cir.), cert. denied 429 U.S. 896 (1976), for the proposition that the tax court's decision was not a final, appealable order. This reliance is misplaced. In In re Crateo, Inc., we held that a district court order, which ruled that a debtor's motion to vacate the district court's judgment under Fed.R.Civ.P. 60(b) could not be "entertained" or granted, was not a final, appealable decision. 536 F.2d at 869. In that case, however, the district court had no jurisdiction to enter an order under Rule 60(b) because the debtor's appeal from judgment was pending. Id. Here, the tax court did not lack jurisdiction over Webb's motion because of a pending appeal. Instead, the court refused to consider Webb's request because he failed to comply with tax court rules