BERNARD and SHEILA L. HERSKOVITZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herskovitz v. Commissioner
Docket No. 28874-91
United States Tax Court
T.C. Memo 1995-56; 1995 Tax Ct. Memo LEXIS 58; 69 T.C.M. (CCH) 1825; February 1, 1995, Filed *58 An order denying petitioners' Motion to Vacate Decision will be issued. Bernard and Sheila L. Herskovitz, pro sese. For respondent: Keith L. Gorman. PARKER
PARKER
MEMORANDUM OPINION PARKER, Judge: This case is before the Court on petitioners' Motion to Vacate Decision. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. Background
By statutory notice of deficiency dated September 13, 1991, respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Section
Section
Section Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6653(a)(1)
1987
$ 3,271
$ 164
[1]
--  1988
3,766
--
--
$ 188
On December 9, 1991, the Court received a letter from petitioners stating that they were contesting the deficiencies. The Court filed the letter as the petition and ordered petitioners to file on or before February 11, 1992, a proper amended petition. On February 6, 1992, petitioners filed an amended *59 petition with this Court contesting the deficiencies and the additions to tax for negligence for taxable years 1987 and 1988. In the amended petition, petitioners requested that the case be conducted under the "small tax case" procedures. On August 6, 1992, the case was calendared for trial during a trial session in Philadelphia, Pennsylvania, commencing October 26, 1992. However, on October 23, 1992, the trial was continued at petitioners' request. On March 12, 1993, respondent filed a motion to remove the small tax case designation and a motion for leave to file an answer. [1] In the motion for leave to file an answer, respondent asserted that, in addition to the deficiencies determined in the notice of deficiency, petitioners were liable for an increase in the deficiency for both years before the Court attributable to unreported income of petitioner Bernard Herskovitz in the amounts of $ 36,377.32 for 1987 and $ 17,615.85 for 1988. In the motion, respondent also asserted that petitioners were liable for the addition to tax for fraud for both of the years at issue. Since the issues raised in the answer caused the amount in dispute to exceed $ 10,000, respondent filed the motion *60 to remove the small tax case designation. On April 5, 1993, petitioners filed a notice of objection to respondent's motions, alleging harassment and intimidation and deprivation of their right to represent themselves in this Court. By Order of April 13, 1993, the Court calendared respondent's motions for hearing on June 14, 1993. On April 19, 1993, Stephen C. Zivitz, an attorney admitted to practice before this Court, entered his appearance for petitioners in this case. However, petitioner Bernard Herskovitz (petitioner) represented himself at the hearing on June 14, 1993, and complained to the Court about the expense if he had to hire a lawyer. The Court assured petitioner that he could represent himself in this Court, and the Court told him that since he probably knew more about the transactions involved than *61 anyone else, he would be in a good position to present his case in his own fashion. The Court expressly told petitioner that if respondent's counsel, Keith L. Gorman, did not accept petitioner's explanations, then petitioner would be able to make his presentation to the Court at trial. Following the hearing on June 14, 1993, respondent's motions were granted. On January 6, 1994, the case was again calendared for trial in Philadelphia, Pennsylvania, during the trial session commencing on June 6, 1994. On February 17, 1994, with petitioners' written consent, the Court granted Mr. Zivitz's motion to withdraw from the case. Mr. Zivitz withdrew because petitioners informed him that they could represent their own interests at less cost by proceeding pro se. At the call of the calendar for the trial session commencing June 6, 1994, petitioners did not appear. Respondent's counsel presented to the Court a stipulated decision document signed by petitioners. On June 10, 1994, the Court entered the decision stipulated to and signed by petitioners. In that stipulated decision, petitioners stipulated that the Court could enter the decision (1) that there are deficiencies in income tax *62 due from petitioners for the taxable years 1987 and 1988 in the amounts of $ 5,854 and $ 1,675, respectively, (2) that there are additions to tax due from petitioners for the taxable year 1987 for negligence under section 6653(a)(1)(A) in the amount of $ 293 and for the taxable year 1988 under section 6653(a)(1) in the amount of $ 84, (3) that there is an addition to tax due from petitioners for the taxable year 1987 for negligence under section 6653(a)(1)(B) in an amount equal to 50 percent of the interest due on $ 5,854, and (4) that there are no additions to tax due from petitioners for fraud under sections 6653(b)(1)(A) and (B) for the taxable year 1987 and under section 6653(b)(1) for the taxable year 1988. In the stipulated decision document, petitioners further stipulated that: effective upon the entry of this decision by the Court, petitioners waive the restriction contained in I.R.C. Section 6213(a), prohibiting the assessment and collection of the deficiencies and additions to tax (plus statutory interest) until the decision of the Tax Court has become final.
On December 20, 1994, petitioners filed the pending motion to vacate the decision of this Court. Petitioners *63 make the following allegations in support of their motion: 1. Agreement was obtained through coercion, harassment and misrepresentation in violation of IRS stated guidelines and good conscience. a. The "S" designation was removed from this case based on flimsy, incorrect and unverified information. b. Threats of fraud charges, protracted hearings, extended disclosure proceedings and the potential for heavy legal fees were all used to force a settlement. 2. The tax assessment bill was not the figure I had agreed upon and it assumes that all inbound freight payments made out to me were indeed undisclosed income. This is not what was agreed and indeed has nothing to do with my original complaint to the U.S. Tax Court. The court decision was not appealed in the required time limit because the tax assessment was not mailed to me until the ninety day time limit had expired. The dates are a matter of record. 3. I have found new documentation that verifies completely where the freight payments went and can show that no tax liability exists. I have been told by various IRS people that they may not accept an amended tax return for re-examinations because of the U.S. Tax *64 Court decision. * * *
Petitioners have not made the necessary showing for disregarding a valid settlement agreement or vacating a final decision of this Court. Therefore, we will deny petitioners' motion. Stipulated Settlement
The compromise and settlement of tax cases is governed by general principles of contract law. Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969); Brink v. Commissioner, 39 T.C. 602, 606 (1962), affd. 328 F.2d 622 (6th Cir. 1964). Where a decision is entered pursuant to a stipulated settlement, "only the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement". Brown v. County of Genesee, 872 F.2d 169, 174 (6th Cir. 1989); Estate of Jones v. Commissioner, 795 F.2d 566, 573-574 (6th Cir. 1986), affg. T.C. Memo. 1984-53; Stamm International Corp. v. Commissioner, 90 T.C. 315 (1988); Spector v. Commissioner, 42 T.C. 110 (1964). [2]
*65 Petitioners do not allege that there was mutual mistake or fraud in the settlement. Instead, they argue that removing the case from the small tax case procedures and respondent's allegation that the underpayment was attributable to fraud constituted "coercion, harassment and misrepresentation". We find petitioners' arguments to be without merit. These same arguments were made during the hearing on respondent's motions to remove the small tax case designation and for leave to file an answer. At that time petitioner stated that he had cancelled checks evidencing expenditures offsetting the unreported income. Although respondent had asserted that petitioners had unreported income in the amount of $ 36,377.32 in 1987 and in the amount of $ 17,615.85 in 1988, the parties agreed to deficiencies in the amount of $ 5,854 for the taxable year 1987 and in the amount of $ 1,675 for the taxable year 1988. The agreed deficiency for the 1987 taxable year exceeded the amount determined in the notice of deficiency by only $ 2,583 ($ 5,854 - $ 3,271). The agreed deficiency for the 1988 taxable year was $ 2,091 less than that determined in the notice of deficiency ($ 3,766 - $ 1,675). Therefore, *66 it is apparent that during the negotiations with respondent, petitioners presented documentation supporting deductible expenses that offset most of the unreported income asserted by respondent. Respondent agreed that petitioners were not liable for the additions to tax for fraud. Petitioners obviously represented themselves adequately during the negotiations. There was no mutual mistake or fraud in the settlement. Rather, petitioners' motion to vacate the decision is an attempt to reopen the case so that evidence of additional deductions may be claimed. We hold that there is no basis for setting aside the valid stipulated decision agreed to by petitioners. Final Decision
The date of a decision of this Court is the date an order specifying the amount of the deficiencies is "entered" in the records of the Tax Court, here June 10, 1994. Sec. 7459(c). A decision of this Court becomes final upon expiration of the time to file the notice of appeal if no notice of appeal is filed. Sec. 7481(a)(1). Generally, a notice of appeal must be filed within 90 days after the decision is entered by this Court. Sec. 7483; Fed. R. App. P. 13(a). The 90-day period may be extended if *67 there has been a timely filing of a motion to vacate or revise the decision. Fed. R. App. P. 13(a). Such a motion must be filed within 30 days after the decision has been entered unless the Tax Court "shall otherwise permit". Rule 162. A motion to vacate a decision, more than 30 days after the decision was entered, may be filed only by special leave of the Court. Rule 162. Whether to grant such a motion lies within the sound discretion of the Tax Court. Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. an order of this Court; Lentin v. Commissioner, 237 F.2d 5, 6 (7th Cir. 1956). If a timely motion has been filed, the 90-day period for filing an appeal begins to run when the motion is adjudicated. Fed. R. App. P. 13(a). Because petitioners did not file a notice of appeal or a timely motion to vacate or revise the decision, the decision of this Court became final on September 8, 1994, 90 days after the decision was entered on June 10, 1994. Thus, the decision became final before petitioners filed their motion to vacate the decision. Once the decision becomes final, this Court may vacate the final *68 decision only in certain narrowly circumscribed situations. Helvering v. Northern Coal Co., 293 U.S. 191 (1934). The Court may vacate a final decision if that decision is shown to be void, a legal nullity, for lack of jurisdiction over the subject matter or the party. Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988); Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111-112 (1978). The Court may vacate a final decision if there has been a fraud upon the Court. Abatti v. Commissioner, 859 F.2d 115 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 (2d Cir. 1975); Stickler v. Commissioner, 464 F.2d 368, 370 (3d Cir. 1972). Some courts have indicated that the Tax Court also has the power in its discretion, in extraordinary circumstances, to vacate and correct a final decision where it is based upon a mutual mistake of fact. *69 Reo Motors, Inc. v. Commissioner, 219 F.2d 610 (6th Cir. 1955). [3]
The decision in this case became final on September 8, 1994. On December 20, 1994, petitioners filed a motion to vacate the decision entered on June 10, 1994. Petitioners filed their motion to vacate the decision more than 3 months after the decision had already become final. Petitioners do not allege that there was a lack of jurisdiction, a mutual mistake of fact, or a fraud upon the Court. Furthermore, the record in this case establishes that this Court had jurisdiction, there was no mutual mistake, and there was no fraud upon the Court. We do not think that asserting increased deficiencies and additions to tax for fraud constitutes "coercion, harassment and *70 misrepresentation", let alone a fraud upon the Court. Moreover, the answer asserting the increased deficiencies and additions to tax was permitted to be filed in June of 1993, almost a year before the scheduled trial of this case. Petitioners were afforded an opportunity to present their case and evidence to the Court. They received 5 months' notice of the trial setting. After negotiating with respondent's counsel, petitioners chose not to present their evidence and arguments to the Court. Instead, they settled the issues with respondent and signed a stipulated decision document in which they agreed to the deficiencies and additions to tax for negligence for the years at issue. Perhaps respondent's counsel engaged in "some puffing of the supposed strength of the Government's position in the settlement negotiations." See Stickler v. Commissioner, supra at 370. That is not a fraud upon the Court. Petitioners were in a position to determine whether they had in fact received the unreported income as asserted by respondent and to produce evidence of offsetting deductions. They were, therefore, in a position to evaluate whether there was any basis *71 for the fraud additions asserted by respondent. Moreover, respondent would bear the burden of proving fraud by clear and convincing evidence. Petitioners' "election not to proceed to trial cannot be circumvented because of some misunderstanding between the parties or some 'puffing' by the commissioner's representatives during settlement negotiation." Id.
It was only after respondent assessed the agreed deficiencies and additions to tax for the 1987 and 1988 taxable years, and petitioners received a bill that included statutory interest, that petitioners objected to the stipulated decision. The fact that petitioners failed to recognize that the amount of interest accruing on taxes owed from 1988 and 1989 (the dates of filing of the 1987 and 1988 returns) would be substantial is not a basis for vacating a final decision of this Court. Such failure on petitioners' part does not constitute a mutual mistake of fact or a fraud upon the Court. This Court did not lack jurisdiction over the case, there has been no fraud upon the Court, and there is no mutual mistake as to any fact. Petitioners have not established the necessary basis for vacating the final decision. Petitioners' *72 motion to vacate the final decision of this Court will be denied. An order denying petitioners' Motion to Vacate Decision will be issued. Footnotes
1. 50 percent of the interest due on $ 3,271.↩
1. Under Rule 175(b), respondent is not required to file an answer in a small tax case, except where there is an issue on which respondent bears the burden of proof or where the Court otherwise directs.↩
2. See also Alt v. Commissioner, T.C. Memo. 1994-313; DiSanza v. Commissioner, T.C. Memo. 1993-142, affd. without published opinion 9 F.3d 1538 (2d Cir. 1993); Himmelwright v. Commissioner, T.C. Memo. 1988-114↩.
3. Compare Billingsley v. Commissioner, 868 F.2d 1081, 1084 n. 11 (9th Cir. 1989); Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir. 1988), affg. 86 T.C. 1319↩ (1986).