MEMORANDUM *
William Wapato Evans’ heirs settled their dispute over his estate by executing a Settlement and Release Agreement (“Settlement Agreement”), which required, among other things, that his daughter Sandra Evans (“Sandra”) make payments from her Individual Indian Money (“IIM”) account in the form of a loan to a corporation owned by her nephews called Wapato Heritage, LLC. Sandra expected that the payments would require oversight and approval by the Bureau of Indian Affairs (“BIA”), and when the BIA said that she was free to authorize the payments without its approval, Sandra refused to authorize the payments. Wapato Heritage then sued her for breach of contract and sued her financial advisor, Dan Gargan (“Gargan”), for tortious interference with contract. The district court denied Sandra’s motion to dismiss for lack of subject-matter jurisdiction, and entered summary judgment in favor of Gargan on the tortious interference claim and in favor of Wapato Heritage on the contract claim. Sandra appeals the denial of her motion to dismiss and the entry of summary judgment in favor of Wapato Heritage; Wapato Heritage appeals the entry of summary judgment in favor of Gargan; and Gargan *559 appeals the denial of his motion for attorneys’ fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Sandra challenges the district court’s November 23, 2009 order denying her motion to dismiss for lack of subject-matter jurisdiction. The district court reasoned that it had federal question jurisdiction pursuant to 28 U.S.C. § 1331 because federal law sets conditions for the Settlement Agreement’s validity and effectiveness. See 25 U.S.C. § 373 (requiring federal approval of probate distribution of Indian money and property); see also In re Estate of Covington, 450 F.3d 917, 924 (9th Cir.2006) (stating that federal law controls Indian probate matters); 43 C.F.R. § 30.150 (delineating requirements for federal approval of settlement agreements resolving issues in such probate proceedings). We reject Sandra’s challenge to jurisdiction for the reasons stated by the district court.[1]
We also agree that the district court properly entered summary judgment in favor of Wapato Heritage on the breach of contract claim. There was no genuine issue of material fact because the evidence showed that Sandra had not made the IIM loans required by the Settlement Agreement, and BIA approval was not a condition precedent to that obligation. Assuming without deciding that the BIA erred by not subjecting the IIM loan payments to its review and approval, such error would not excuse Sandra’s performance of the contract.[2]
Further, the award of summary judgment to Gargan on the tortious interference claim was correct because the evidence did not create a genuine issue of material fact as to whether he induced Sandra’s breach of the Settlement Agreement. Wapato Heritage proffered only speculative evidence in support of its claim, which is insufficient to defeat summary judgment. See Nolan v. Cleland, 686 F.2d 806, 812 (9th Cir.1982). Despite Gargan’s success on this claim, the district court did not abuse its discretion by denying him attorneys’ fees. Washington courts normally do not award attorneys’ fees to prevailing parties absent a contract, statute, or recognized ground of equity, see Rorvig v. Douglas, 123 Wash.2d 854, 873 P.2d 492, 497 (1994), and the district court acted within its discretion by not applying an exception to this rule.
Finally, the district court did not abuse its discretion when it determined that Wapato Heritage did not properly preserve its argument that Sandra should be disinherited because of the will’s no-contest clause.
The parties shall bear their own costs on appeal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Although Sandra moved to dismiss for lack of subject-matter jurisdiction belatedly, the district court correctly recognized that a jurisdictional challenge cannot be waived. Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir.1989).

. Sandra argues that the district court’s summary judgment ruling was predicated on its erroneous resolution of a prior in limine motion excluding the testimony of damages expert Robert Duffy. We need not decide whether the in limine motion was resolved correctly or whether it affected the summary judgment ruling because Sandra waived the affirmative defense of offset, for which she sought to admit Duffy’s testimony, by not pleading in her answer the theory she planned to argue at trial. See Locke v. City of Seattle, 133 Wash.App. 696, 137 P.3d 52, 61 (2006) (stating that offset is an affirmative defense to be pled in the answer).