THE MANCHESTER GROUP AND SUBSIDIARIES, FORMERLY TORREY ENTERPRISES, INC., AND SUBSIDIARIES, FORMERLY TORREY DEVELOPMENT CORPORATION AND SUBSIDIARIES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Manchester Group v. Commissioner
Docket No. 20509-92
United States Tax Court
T.C. Memo 1994-604; 1994 Tax Ct. Memo LEXIS 612; 68 T.C.M. (CCH) 1383; December 12, 1994, Filed *612 For petitioners: J. Clancy Wilson. For respondent: William H. Quealy, Jr., and Alice Harbutte. DAWSON, ARMEN
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on petitioners' Motion for Leave to File a Motion to Vacate or Revise Decision to Seek Litigation Costs Under Code Section 7430 (petitioners' Motion for Leave). On December 10, 1993, the Court entered a decision in this case pursuant to the agreement of the parties. Ninety-four days later, on March 14, *613 1994, the Court filed petitioners' Motion for Leave and lodged two additional motions submitted by petitioners, namely: (1) A Motion to Vacate or Revise Decision to Seek Litigation Costs Under Code Section 7430 (petitioners' Motion to Vacate), and (2) a Motion for Reasonable Litigation Costs (petitioners' Motion for Litigation Costs). A decision of the Tax Court generally becomes final 90 days after the decision is entered, at which time we may no longer vacate or revise the decision, except under limited circumstances. Petitioners' Motion for Leave was received and filed by the Court more than 90 days after the decision was entered. Significantly, petitioners' Motion for Leave did not allege any of the limited circumstances that would serve to overcome the apparent finality of the decision. Our jurisdiction is therefore not self-evident. There is no question that this Court can proceed in a case only if it has jurisdiction and that either party, or the Court sua sponte, can question jurisdiction at any time. Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983). As we stated in Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960), *614 "questions of jurisdiction are fundamental and whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided." We have jurisdiction to determine jurisdiction. Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978). Accordingly, we must decide whether we have jurisdiction to consider the substantive merits of petitioners' Motion for Leave. [2]
Background
Petitioners' principal place of business was in San Diego, California, at the time the petition was filed with the Court. On June 15, 1992, respondent sent petitioners a notice of deficiency (the Notice). In the Notice, respondent determined a deficiency in petitioners' income tax, additions to tax, and additional interest for the taxable year ended March 31, 1986. Petitioners *615 filed a timely petition contesting respondent's determination. On December 10, 1993, the Court entered a decision pursuant to the agreement of the parties (the Decision). The Decision reflected the parties' agreement that petitioners were not liable for any deficiency, additions to tax, or additional interest for the taxable year in issue. Petitioners' counsel made a tactical decision not to raise the issue of litigation costs while the parties were negotiating the agreement that would ultimately form the basis of the Decision. The Decision was therefore silent regarding the matter of litigation costs. The 90th day after the Court entered the Decision in this case was Thursday, March 10, 1994. On Monday, March 14, 1994, the 94th day after the Decision was entered, the Court received and filed petitioners' Motion for Leave. The Court received and lodged petitioners' Motion to Vacate and petitioners' Motion for Litigation Costs on that same date. All three of petitioners' Motions were mailed to the Court from San Diego, California, in a properly addressed, postage-paid wrapper bearing a private postmeter postmark date of Wednesday, March 9, 1994. The wrapper was received by *616 the Court not later than the time that a similarly addressed, postage-paid wrapper mailed from San Diego, California, and bearing a U.S. Postal Service postmark of March 10, 1994, would ordinarily be received by the Court. No notice of appeal has been filed by either party in this case. Jurisdiction and Petitioners' Motion for Leave
Proceedings in this Court are to be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Court may prescribe. Sec. 7453. Pursuant to the authorization of section 7453, "we have over many years developed a comprehensive set of Rules which are designed and calculated to increase our efficiency in adjudicating genuine tax disputes." Blum v. Commissioner, 86 T.C. 1128, 1131 (1986). Included in our Rules are rules which apply to post-trial proceedings. Rule 162 is among the rules which apply to post-trial proceedings. Rule 162 provides, in its entirety, that "Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit." Because petitioners *617 did not file a motion to vacate or revise within 30 days after the Decision was entered, [3] they were required to file a motion for leave to file a motion to vacate or revise (a motion for leave). Rule 162; Alt v. Commissioner, T.C. Memo. 1994-313; see Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989) ("Tax Court Rule 162 provides that a motion to vacate a decision filed more than 30 days after it was entered must be by special leave of the court"). Neither our Rules nor the Internal Revenue Code limits the period in which a motion for leave can be filed with the Court. However, except under limited circumstances, this Court lacks jurisdiction to vacate or revise a decision once it becomes final within the meaning of section 7481. Abatti v. Commissioner, 859 F.2d 115, 117-118 (9th Cir. 1988), *618 affg. 86 T.C. 1319 (1986); Lasky v. Commissioner, 235 F.2d 97 (9th Cir. 1956), affd. 352 U.S. 1027 (1957). A decision of this Court becomes final pursuant to a series of detailed rules set forth in section 7481. As relevant herein, a decision becomes final "Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time". Sec. 7481(a)(1). Under section 7483, a notice of appeal may only be filed within 90 days after a decision is entered. Pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, the running of the time for appeal is terminated by a timely motion to vacate filed under Rule 162. [4] *619 In the present case, the Decision was entered on December 10, 1993, and no notice of appeal was filed within the time prescribed by section 7483. Therefore, unless the running of the time for appeal was terminated pursuant to rule 13(a) of the Federal Rules of Appellate Procedure by the filing of a timely motion to vacate, [5] the Decision became final 90 days after the Decision was entered, or on March 10, 1994. A party may file a motion for leave after a decision has become final. However, once a decision has become final, the Court may grant such a motion only to consider: (a) Whether the Court had jurisdiction over the subject matter or the parties in the first instance, Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); or (b) whether the decision entered was the result of fraud on the Court, Abatti v. Commissioner, supra; Toscano v. Commissioner, 441 F.2d 930 (9th Cir. 1971), vacating 52 T.C. 295 (1969); or, in some circuits, (c) whether the decision entered was the result of mutual mistake, Reo Motors, Inc. v. Commissioner, 219 F.2d 610 (6th Cir. 1955); La Floridienne J. Buttgenbach & Co. v. Commissioner, 63 F.2d 630 (5th Cir. 1933). *620 The Court received and filed petitioners' Motion for Leave on March 14, 1994. The Court received and lodged petitioners' Motion to Vacate and petitioners' Motion for Litigation Costs on that same date. March 14, 1994, was the 94th day after the Decision was entered. As noted above, no notice of appeal was filed on or before March 10, 1994, the 90th day after the Decision was entered. From the foregoing, therefore, it is apparent that we would have jurisdiction to consider the substantive merits of petitioners' Motion for Leave only if: (a) Petitioners' Motion for Leave is deemed to have been filed, by virtue of section 7502, within 90 days after the Decision was entered, and the filing of the Motion for Leave terminated the running of the time for appeal under rule 13(a) of the Federal Rules of Appellate Procedure; or (b) petitioners' Motion for Leave is deemed to have been filed, by virtue of section 7502, within 90 days after the Decision was entered, and, if petitioners' Motion for Leave is granted, petitioners' Motion to Vacate is deemed to have been filed on the same date as the Motion for Leave, thereby terminating the running of the time for appeal under rule 13(a) of the *621 Federal Rules of Appellate Procedure; or (c) petitioners allege that the Court did not have jurisdiction over the subject matter or the parties in the underlying action; or (d) petitioners allege that the Decision was the product of fraud on the Court. [6]
Petitioners do not allege that the Court did not have jurisdiction over the subject matter or the parties in the underlying action, or that the Decision was the result of fraud on the Court, or even that the Decision was entered as a result of mutual mistake. Therefore, we address the other jurisdictional matters identified above. The common element *622 of each is that in order for this Court to have jurisdiction to consider the substantive merits of petitioners' Motion for Leave, section 7502 must be applicable to that motion. Petitioners' Motion for Leave was received and filed by the Court after March 10, 1994. Accordingly, the Court can consider the substantive merits of that motion only if section 7502, the so-called timely mailing-timely filing rule, applies to the motion, thereby resulting in a deemed filing date of March 9, 1994. That date was the date on which petitioners' Motion for Leave was mailed. [7]
The timely mailing-timely filing rule of section 7502 applies to certain documents mailed to the Court, petitions and notices of appeal being the most obvious examples. Sec. 301.7502-1(b)(1), Proced. & Admin. Regs. Section 7502(a) provides, in relevant part, as follows: SEC. 7502(a). General Rule. -- (1) Date *623 of delivery. -- If any return, claim, statement, or other document required to be filed * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, * * * the date of the United States postmark stamped on the cover in which such return, claim, statement or other document * * * is mailed shall be deemed to be the date of delivery * * *. (2) Mailing requirements. -- This subsection shall apply only if -- (A) the postmark date falls within the prescribed period or on or before the prescribed date -- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document * * *. [Emphasis added.]
Section 7502, by its terms, applies only to documents required to be filed within a prescribed period or on or before a prescribed date under authority of the internal revenue laws. This language is supported by the legislative history, which states that -- This new *624 section applies in the case where documents * * * are mailed to the proper office within the time prescribed by the internal-revenue laws * * *, and are received by that office after such time has expired. In such case, the document is deemed timely filed. [Emphasis added.]
H. Rept. 1337, 83d Cong., 2d Sess. A434 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 615 (1954). As the Court of Appeals for the Ninth Circuit has observed: "Section 7502(a) intended to make the date of mailing the date of delivery only where a document would otherwise be considered untimely filed." First Charter Financial Corp. v. United States, 669 F.2d 1342, 1346 (9th Cir. 1982). The period within which a party may file a motion for leave is not prescribed. Therefore, the filing of such a motion can never be said to be untimely. The Court has jurisdiction to entertain a motion for leave on any grounds before a decision becomes final. However, the Court may still consider and grant a motion for leave after a decision becomes final, if the party filing the motion alleges that the Court did not have jurisdiction over the subject matter or the parties in the underlying *625 action, or that the decision was the result of fraud on the Court, or, in some circuits, that the decision was the result of mutual mistake. Therefore, because section 7502 applies only to those documents required to be filed in the Tax Court within a prescribed period or on or before a prescribed date, section 7502 does not apply to motions for leave. Petitioners' Motion for Leave was filed 4 days after the Decision became final. Significantly, it does not implicate any issue that we have jurisdiction to consider after a decision becomes final. Accordingly, we will deny petitioners' Motion for Leave on the ground that we do not have jurisdiction to consider its substantive merits. Jurisdiction and Petitioners' Motion for Litigation Costs
Petitioners advance three interrelated arguments in support of the view that they are entitled, without first filing a motion to vacate or revise the decision, to file a motion for litigation and administrative costs at any time before the Decision becomes final. Thus, petitioners contend that we may consider the substantive merits of their Motion for Litigation Costs despite the denial of their Motion for Leave. Petitioners argue as *626 follows: First, they contend that section 7430(f)(1) permits, but does not require, a court to incorporate in its decision an order granting or denying an award for litigation and administrative costs (referred to for convenience simply as litigation costs). Second, petitioners contend that title XXIII of our Rules (title XXIII), which is entitled "Claims for Litigation and Administrative Costs" and which encompasses Rules 230 through 233, does not specifically incorporate Rule 162; therefore, according to petitioners, title XXIII permits a taxpayer to file a motion for litigation costs at any time before the decision becomes final without first filing a motion to vacate or revise the decision under Rule 162. Third, petitioners contend that our Rules are not sufficiently clear in delineating a taxpayer's options with respect to claims for litigation costs, so that equity demands that a taxpayer have an opportunity to file such a claim at any time before the decision becomes final. For the reasons discussed below, we do not agree with petitioners' contention that we may consider the substantive merits of their Motion for Litigation Costs without regard to their Motion for Leave. *627 As petitioners correctly observe, section 7430(f)(1) permits, but does not require, that a court incorporate in its decision an order granting or denying an award for litigation costs. Section 7430(f)(1) reads as follows: SEC. 7430(f). Right of Appeal. -- (1) Court proceedings. -- An order granting or denying (in whole or in part) an award for reasonable litigation or administrative costs under subsection (a) in a court proceeding, may be incorporated as a part of the decision or judgment in the court proceeding and shall be subject to appeal in the same manner as the decision or judgment.
Section 7430(f)(1) affords all courts having jurisdiction over proceedings "brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty" arising under the Internal Revenue Code, the option of selecting the manner in which such court shall dispose of a motion for litigation costs. Sec. 7430(a). In other words, the statute gives to the court, and not to the taxpayer, the prerogative of specifying how an order disposing of a motion for litigation costs should be handled. This Court has clearly articulated its intent *628 to address, in every case, the substantive issues as well as the issue of litigation costs in a single decision. Rule 232(f), as amended with respect to proceedings commenced after November 10, 1988, explicitly states that "The Court's disposition of a motion for reasonable litigation or administrative costs shall be included in the decision entered in the case." 93 T.C. 1017-1021. Rule 232(f) was amended -- to permit the Court to incorporate the Court's disposition of a motion for reasonable litigation or administrative costs in the decision entered in the case. The amendment is predicated on * * * that part of Code Section 7430(f)(1) that expressly permits an order granting or denying an award for reasonable litigation or administrative costs to be incorporated in the decision entered in the case. The amendment is designed to simplify appeal procedures by incorporating into a single document the Court's disposition of both the substantive issues in the case and the motion for reasonable litigation or administrative costs.[Note accompanying amendment to Rule 232(f), 93 T.C. 1021; emphasis added.]
Moreover, despite *629 petitioners' protestations to the contrary, title XXIII, promulgated under authority of section 7453, clearly advises taxpayers how and when claims for litigation costs should be made. Rule 230, the first of the four Rules that title XXIII comprises, states, in pertinent part, as follows: (a) Applicability: The Rules of this Title XXIII set forth the special provisions which apply to claims for reasonable litigation and administrative costs authorized by Code Section 7430. Except as otherwise provided in this Title, the other Rules of Practice and Procedure of the Court, to the extent pertinent, are applicable to such claims for reasonable litigation and administrative costs. * * * [Emphasis added.]
Thus, in the absence of any "otherwise provided" language in title XXIII to the effect that Rule 162 ("Motion to Vacate or Revise Decision") does not apply, Rule 230 clearly imports Rule 162 into title XXIII. Significantly, there is no such "otherwise provided" language in title XXIII. The time and manner of making a claim for litigation costs are set forth in paragraph (a) of Rule 231. [8] In an agreed case, i.e., where the parties have reached a settlement disposing *630 of all of the issues in the case, including litigation costs, Rule 231(a)(1) requires that an award of litigation costs, if any, be included in the stipulated decision submitted by the parties for entry by the Court. If a stipulated decision is submitted by the parties and it includes no provision for litigation costs, the Court immediately enters the decision and regards the taxpayer as having waived any claim with respect to litigation and administrative costs. *631 In an unagreed case, i.e., where a party has substantially prevailed and wishes to claim litigation costs but there is no agreement regarding the party's entitlement to such costs, Rule 231(a)(2) requires that the claim be made by motion. The Rule goes on to provide that the motion shall be filed within 30 days after the service of a written opinion determining the issues in the case or within 30 days after the service of the pages of the transcript embodying a "bench opinion". Rule 231(a)(2)(A) and (B). Finally, where the parties have settled all issues in the case other than litigation costs, Rule 231(a)(2)(C) provides that the motion shall be filed "after" all such issues have been settled. However, our Rules make clear that "after" is not so open-ended as petitioners might wish to think. Rule 231(a)(2)(C) expressly refers to paragraphs (b)(3) and (c) of the Rule regarding the filing of a stipulation of settled issues with the motion for litigation costs. [9] Those paragraphs clearly indicate that such a stipulation must accompany a motion for litigation costs whenever the parties have settled all issues in the case other than litigation costs. The Court will enter a decision *632 based on the stipulation of settlement only after first disposing of the pending motion for litigation costs. Rule 232(f). *633 Petitioners chose to submit a stipulated decision for entry by the Court. Despite the fact that the submission of a stipulated decision suggests that all issues, including the issue of litigation costs, have been resolved, Rule 231(a)(1), petitioners were nonetheless entitled to file a timely motion to vacate or revise. Rule 162. Submission of such a motion would have terminated the running of the time for appeal, and the Decision would not have become final until 90 days after entry of an order disposing of such motion or from the entry of a new or revised decision. F.R. App. P. 13(a). Instead of raising the issue of litigation costs during settlement negotiations or submitting a timely motion to vacate or revise the Decision, petitioners filed their Motion for Leave on the 94th day after the Decision had been entered. Because we lack jurisdiction to address that motion on its substantive merits, petitioners are without further recourse in this Court to recover litigation costs. [10]
*634 To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The Court raised the jurisdictional issue for the first time at a hearing on petitioners' Motion for Leave. The parties were subsequently given the opportunity to brief the issue.↩
3. Pursuant to sec. 7459(c)↩, the date of a decision of this Court is the date that an order specifying the amount of the deficiency is "entered" in the records of the Court.
4. F.R. App. P. 13(a) provides: Rule 13. Review of Decisions of the Tax Court (a) How Obtained; Time for Filing Notice of Appeal. Review of a decision of the United States Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered. If a timely notice of appeal is filed by one party, any other party may take an appeal by filing a notice of appeal within 120 days after the decision of the Tax Court is entered. The running of the time for appeal is terminated as to all parties by a timely motion to vacate or revise a decision made pursuant to the Rules of Practice of the Tax Court. The full time for appeal commences to run and is to be computed from the entry of an order disposing of such motion, or from the entry of decision, whichever is later.↩
5. We note that the granting of a motion for leave before a decision has become final converts a previously lodged motion to vacate into a timely motion to vacate for purposes of F.R. App. P. 13(a)↩.
6. The Court of Appeals for the Ninth Circuit, the circuit to which this case is appealable, does not recognize mutual mistake as an exception to the doctrine of finality. Billingsley v. Commissioner, 868 F.2d 1081, 1084 n.11 (9th Cir. 1989); Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir. 1988), affg. 86 T.C. 1319↩ (1986).
7. We accept that petitioners' Motion for Leave was mailed on Mar. 9, 1994. Cf. sec. 301.7502-1(c)(1)(iii)(B↩), Proced. & Admin. Regs.
8. Rule 231(a) provides as follows: (a) Time and Manner of Claim: (1) Agreed Cases: Where the parties have reached a settlement which disposes of all issues in the case including litigation and administrative costs, an award of reasonable litigation and administrative costs, if any, shall be included in the stipulated decision submitted by the parties for entry by the Court. (2) Unagreed Cases: Where a party has substantially prevailed and wishes to claim reasonable litigation or administrative costs, and there is no agreement as to that party's entitlement to such costs, a claim shall be made by motion filed -- (A) Within 30 days after the service of a written opinion determining the issues in the case; (B) Within 30 days after the service of the pages of the transcript that contain findings of facts or opinion stated orally pursuant to Rule 152 (or a written summary thereof); or (C) After the parties have settled all issues in the case other than litigation and administrative costs. See paragraphs (b)(3) and (c) of this Rule regarding the filing of a stipulation of settlement with the motion in such cases.↩
9. Rule 231(b)(3) and (c) provides, in pertinent part, as follows: (b) Content of Motion: A motion for an award of reasonable litigation or administrative costs shall be in writing and shall contain the following: * * * (3) A statement sufficient to demonstrate that the moving party has substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented in the Court proceeding, including a stipulation in the form prescribed by paragraph (c) of this Rule as to any settled issues;
* * * (c) Stipulation as to Settled Issues: If some or all of the issues in a case (other than litigation and administrative costs) have been settled by the parties, then a motion for an award of reasonable litigation or administrative costs shall be accompanied by a stipulation, signed by the parties or their counsel, setting forth the terms of the settlement as to each such issue (including the amount of tax involved). A stipulation of settlement shall be binding upon the parties unless otherwise permitted by the Court or agreed upon by those parties.↩
10. We think our Rules, and in particular the provisions of title XXIII, are sufficiently clear to apprise litigants that the disposition of any motion for litigation costs is always to be incorporated in the decision to be entered. It is regrettable if our Rules were misunderstood in this case. However, we note that the Court of Appeals for the Ninth Circuit has held that a taxpayer's misunderstanding of the Rules of the Tax Court is insufficient to overcome the doctrine of finality. Abatti v. Commissioner, 859 F.2d at 119↩.