**THE MANCHESTER GROUP; Subsidiaries, Formerly Torrey Development Corporation, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 95–70422.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1996.

Decided May 19, 1997.

J. Clancy Wilson, L. Maxwell Anastopulos, San Diego, California, for petitioners-appellants.

Gary R. Allen, David E. Carmack, John A. Nolet, Tax Division, United States Department of Justice, Washington, D.C., for respondent-appellee.

Before: BROWNING, THOMPSON, and THOMAS, Circuit Judges.

## OPINION

PER CURIAM.

Does the Tax Court have jurisdiction to consider a motion for leave to file a motion to vacate where a taxpayer *mailed* the motion within the time for filing, but the motion was *received* after the time for filing had passed? The answer is "yes."

### FACTS

The Commissioner of Internal Revenue ("Commissioner") mailed a tax deficiency notice to The Manchester Group ("Manchester"). Manchester responded with a petition to the Tax Court for redetermination.

The parties subsequently submitted a stipulation for entry of decision in which the Commissioner conceded the entire deficiency. The decision, entered on December 10, 1993, did not address the issue of litigation costs. On March 9, 1994, eighty-nine days after the decision was entered, Manchester mailed three motions to the Tax Court: (1) a motion to vacate or revise the decision; (2) a motion for leave to file the motion to vacate or revise; and (3) a motion for litigation costs. The Tax Court received the motions on March 14, 1994, ninety-four days after the decision was entered.

The Tax Court held the motion for leave was deemed filed upon receipt, not upon mailing, the court's decision was final before the motion for leave was received, and the court therefore lacked jurisdiction to consider any of Manchester's motions. *The Manchester Group v. Commissioner*, 68 T.C.M. (CCH) 1383, 1385–87, 1994 WL 692750 (1994). The Tax Court also held that the motion for litigation costs was not separately reviewable. *Id.* at 1387–88.

### DISCUSSION

 The Tax Court lacks jurisdiction to alter a decision after it becomes final.[1] *Nordvik v. Commissioner*, 67 F.3d 1489, 1491 (9th Cir.1995); *Lasky v. Commissioner*,

235 F.2d 97, 100 (9th Cir.1956), *aff'd*, 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598 (1957).

 A decision of the Tax Court becomes final "[u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." I.R.C. § 7481(a)(1). A party can file a notice of appeal within ninety days after the decision of the Tax Court is entered. I.R.C. § 7483. The running of the ninety days to appeal is terminated as to all parties, however, "by a *timely* motion to vacate or revise a decision made pursuant to the Rules of Practice of the Tax Court." Fed.R.App.P. 13(a) (emphasis added). Tax Court Rule 162, in turn, explains that a motion to vacate is timely if "filed within 30 days after the decision has been entered, *unless the Court shall otherwise permit*" (emphasis added). A motion to vacate made after thirty days may nevertheless be considered if a party files a motion for leave to file a motion to vacate before the ninety days to appeal have passed. *Nordvik*, 67 F.3d at 1492. If the Tax Court grants the motion for leave, the date of finality is extended, and the Tax Court retains jurisdiction to consider the motion to vacate. *Id.*

Manchester *mailed* its motions on day 89. The Tax Court received them on day 94. As the Tax Court held, the motion to vacate could not be considered without first granting the motion for leave because more than thirty days had passed. Relying on the general rule that documents are deemed filed when received, the Tax Court also held it had no jurisdiction to consider the motion for leave because it was received after the ninety-day period to file a notice of appeal.

Prior to the enactment of I.R.C. § 7502 in 1954, all documents mailed by a taxpayer to the Internal Revenue Service were considered to have been "filed" at the time of actual receipt. *Carroll v. Commissioner*, 71 F.3d 1228, 1230 (6th Cir.1995). I.R.C. § 7502(a)(1) created a broad exception to this general rule, however:

---

1. The Tax Court, however, may vacate an apparently final decision if it lacked jurisdiction to enter the decision in the first place, *Billingsley v. Commissioner*, 868 F.2d 1081, 1084–85 (9th Cir. 1989), or if the decision was entered as a result of fraud on the court. *Abatti v. Commissioner*, 859 F.2d 115, 118 (9th Cir.1988).

If any return, claim, statement, or other document required to be filed ... *within a prescribed period* or on or before a prescribed date *under authority of any provision of the internal revenue laws* is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, ... the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document ... is mailed shall be deemed to be the date of delivery....

I.R.C. § 7502(a)(1) (emphasis added).

The question presented is whether § 7502 applies to the filing of a motion for leave because a motion for leave must be filed "within a prescribed period." The Tax Court held § 7502 does not apply, explaining that "the filing of such a motion can never be said to be untimely [because] [t]he Court has jurisdiction to entertain a motion for leave on any grounds before a decision becomes final." *The Manchester Group*, 68 T.C.M. at 1386.

 We disagree with the Tax Court. Section 7502 applies to any document required to be filed within a prescribed period under authority of any provision of the internal revenue laws. The combined effect of § 7481(a) and § 7483 of the Internal Revenue Code and of Federal Rule of Appellate Procedure 13(a) is to create a ninety-day period to file a notice of appeal or a motion for leave. This ninety-day period is a "prescribed period" within the meaning of § 7502(a)(1).[2]

The policy behind § 7502 supports its application to motions for leave. Congress passed § 7502 to correct hardships caused by the failure of the mails to function normally. *See Bloch v. Commissioner*, 254 F.2d 277, 278–79 (9th Cir.1958). By mailing a document to the Commissioner, a party determines the filing date and need not rely on the postal service for timely delivery. This in-

terpretation creates certainty for private parties as well as the Commissioner.

### CONCLUSION

Because I.R.C. § 7502 applies to motions for leave to file a motion to vacate, Manchester's motion for leave was timely filed. We reverse the Tax Court's dismissal for lack of jurisdiction and remand to decide the motion for leave on the merits.

REVERSED and REMANDED.

---

2. The Tax Court also reasoned there was no prescribed period because a court can grant a motion for leave *after* a decision becomes final if it falls within either the lack of jurisdiction exception or the fraud on the court exception. The existence of these limited exceptions does not mean there is not a prescribed period for motions for leave generally. In these two situations, the "defect prevents the defective decision *from ever becoming final.*" *Billingsley*, 868 F.2d at 1085 (emphasis added). In other cases, however, the general rules of finality apply.