T.C. Memo. 1997-334


UNITED STATES TAX COURT


CARL J.D. BAUMAN AND MARGARET A. BAUMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 37669-85, 38099-85.      Filed July 23, 1997.


<u>Robert L. Manley</u>, for petitioners.

<u>Linda J. Wise</u>, for respondent.


MEMORANDUM OPINION


WRIGHT, <u>Judge</u>:  Petitioners move the Court for leave so they may file a pair of motions to vacate our decisions in docket Nos. 37669-85 and 38099-85.

Background

These cases involve petitioner husband's (Mr. Bauman) investment in a coal mining tax shelter.  Trial was conducted in

June 1994, and the Court filed its opinion on May 2, 1996. The Court entered decisions (the decisions) with respect to both docket Nos. at issue in these cases on September 24, 1996. On that date, counsel of record for docket No. 37669-85 was Robert L. Manley (Mr. Manley), and counsel of record for docket No. 38099-85 was James P. Self (Mr. Self). The Clerk of the Court served the decision in docket No. 37669-85 on Mr. Manley. Similarly, he served the decision in docket No. 38099-85 on Mr. Self. Neither party filed a timely notice of appeal with respect to either decision.

On February 18, 1997, petitioners appealed the decisions to the Court of Appeals for the Ninth Circuit. The Commissioner thereafter filed a motion to dismiss petitioners' appeal for lack of jurisdiction, contending that the appeal was not timely. On April 24, 1997, the Court of Appeals granted the Commissioner's motion to dismiss for lack of jurisdiction.

On May 19, 1997, for the purpose of creating a second period of appellate review for each decision, petitioners filed the two motions now before the Court.[1] Petitioners maintain that they failed to appeal the decisions during the prescribed appeal period because they did not learn that the decisions had been entered until February 10, 1997, 49 days after the appeal period

---

[1]Petitioners also lodged their motions to vacate the decisions at issue in this case.

had expired. Specifically, petitioners maintain that the U.S. Postal Service failed to deliver the decision in docket No. 37669-85 that the Clerk had served on Mr. Manley. They further maintain that Mr. Self failed to inform them that he had been served with the decision in docket No. 38099-85.[2] Petitioners conclude that their ability to appeal the decisions at issue in this case should not be impaired simply because the U.S. Postal Service maintains an erratic delivery service, and because Mr. Self was irresponsible in failing to advise them of his receipt of the decision in docket No. 38099-85.

Discussion

Petitioners desire to file a pair of motions to vacate the decisions of this Court in docket Nos. 37669-85 and 38099-85. Their objective is to have the decisions vacated and immediately reentered so that they may file a timely notice of appeal for each decision.

Absent a timely notice of appeal, a decision of the Court becomes final upon the expiration of 90 days after the decision is entered. Secs. 7481(a)(1), 7483.[3] To be timely, a notice of appeal ordinarily must be filed within such 90-day period. Sec.

---

[2]Petitioners contend that Mr. Self has not been involved in this case since 1987, and that he failed to "formally" withdraw as their counsel of record.

[3]Unless otherwise indicated, section references are to the Internal Revenue Code applicable to the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

7483. However, the running of the period to file a notice of appeal is tolled if a party files a timely motion to vacate or revise (motion to vacate) the decision. F.R. App. P. 13(a). Rule 162 provides that a motion to vacate a decision must be filed within 30 days after the date on which the decision is entered, unless the Court allows otherwise. An untimely motion to vacate a decision may nevertheless be considered if the moving party files a motion for leave to file a motion to vacate the decision, but the motion for leave must be filed within the 90-day review period set forth in section 7483. Nordvik v. Commissioner, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731. If the Court grants the motion for leave, the date of finality is extended, and the Court retains jurisdiction to consider the motion to vacate. Id. Otherwise, jurisdiction is lacking. Id. Whether to grant a taxpayer's motion for leave is within the sound discretion of the Court. Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1.

Petitioners did not file a timely notice of appeal for either decision in these cases. Similarly, they did not file a timely motion to vacate either decision, nor did they file a timely motion for leave to file a motion to vacate either decision. Consequently, pursuant to sections 7481(a) and 7483, both decisions became final on December 23, 1996.

Once a decision becomes final, the Court's jurisdiction to vacate it is restricted to two circumstances. <u>Manchester Group v. Commissioner</u>, 113 F.3d 1087, 1088 (9th Cir. 1997), revg. T.C. Memo. 1994-604; <u>Abatti v. Commissioner</u>, 859 F.2d 115, 117 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); <u>Lasky v. Commissioner</u>, 235 F.2d 97, 100 (9th Cir. 1956), affg. 22 T.C. 13 (1954), affd. 352 U.S. 1027 (1957). First, the Court may vacate an ostensibly final decision if it lacked jurisdiction to enter the decision originally. <u>Billingsley v. Commissioner</u>, 868 F.2d 1081, 1084-1085 (9th Cir. 1989); see also <u>Abeles v. Commissioner</u>, 90 T.C. 103, 105-106 (1988); <u>Brannon's of Shawnee, Inc. v. Commissioner</u>, 69 T.C. 999, 1002 (1978). The Court may also vacate a final decision if it was obtained through fraud on the Court.[4] <u>Abatti v. Commissioner</u>, <u>supra</u>; see also <u>Senate Realty Corp. v. Commissioner</u>, 511 F.2d 929, 931 n.1 (2d Cir. 1975); <u>Stickler v. Commissioner</u>, 464 F.2d 368, 370 (3d Cir. 1972).

Petitioners do not allege that the Court lacked jurisdiction to enter the decisions at issue in these cases, or that the decisions arose from either a fraud on the Court or mutual mistake. Instead, petitioners' motions for leave are based

---

[4]The Court of Appeals for the Fifth Circuit has indicated that this Court also has jurisdiction to vacate a final decision which is based on a mutual mistake of fact. See <u>La Floridienne J. Buttgenbach & Co. v. Commissioner</u>, 63 F.2d 630 (5th Cir. 1933). But cf. <u>Harbold v. Commissioner</u>, 51 F.3d 618, 621-622 (6th Cir. 1995).

solely on the equitable consideration that "good cause" exists for us to vacate the decisions because the U.S. Postal Service failed to deliver the decision in docket No. 37669-85 that was served on Mr. Manley, and because Mr. Self failed to inform them that he had been served with the decision in docket No. 38099-85. It is petitioners' contention that they will be "severely prejudiced" if the Court denies their motions for leave, because to do so would preclude their opportunity to appeal the decisions.

Petitioners' argument is without merit and must be rejected. The Clerk of the Court properly served the decisions in these cases.[5] Rule 21(b)(1) and (2). Both decisions became final on December 23, 1996, and we are without jurisdiction to alter their finality. It should be noted that, while the District Courts have, in prescribed circumstances, been granted authority to vacate a final judgment of which a party failed to receive notice, see 28 U.S.C. sec. 2107(c)(1994); Fed. R. Civ. P. 77(d); Fed. R. App. P. 4(a)(6), there is no similar grant of authority in Rule 13 of the Federal Rules of Appellate Procedure or in section 7483 with respect to this Court. On the contrary, rule 14 of the Federal Rules of Appellate Procedure provides that Rule

---

[5]Service is complete upon mailing, and the Court's records indicate that the Clerk mailed the decision in docket No. 37669-85 by certified mail to Mr. Manley at his correct business address. The Court's records also indicate that the U.S. Postal Service did not return that decision to the Clerk.

4 of the Federal Rules of Appellate Procedure does not apply to review of a decision of this Court.

Accordingly, petitioners' motions for leave will be denied on the grounds that we lack authority to vacate the decisions at issue in these cases.

To reflect the foregoing,

<u>Appropriate orders</u>

<u>will be issued</u>.