T.C. Memo. 2006-249

UNITED STATES TAX COURT

BYRON HOFFMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12889-05L.                    Filed November 14, 2006.

Byron Hoffman, pro se.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This case is before the Court on petitioner's Motion for Leave to File Motion to Vacate (hereinafter referred to as petitioner's motion for leave).  We must decide whether to grant petitioner's motion for leave.  At the time the petition was filed, petitioner resided in Oakland, California.[1]

---

[1] By order dated Oct. 17, 2005, the Court changed petitioner's address to Hayward, California.

## Background

On June 8, 2005, respondent issued to petitioner a Decision
Letter Concerning Equivalent Hearing Under Section 6330 of the
Internal Revenue Code[2] (decision letter) regarding his unpaid
Federal income tax liabilities for 1998 and 2000, in which
respondent's Office of Appeals sustained the levy action.[3] On
July 6, 2005, petitioner sent to the Court a document, which
states in relevant part:

> Dear Tax Court Judge,
>
> The Collection Due Process (hereafter "CDP") Hearing
> that I requested has been decided.  I need your
> assistance regarding a Notice of Levy I received from
> the Internal Revenue Service (hereafter "IRS") for the
> tax years **1998** and **2000**.  I believe that this hearing
> process has been unfair and biased.  The IRS appeals
> agent refused to grant me a CDP Hearing, which I
> requested on 12/07/04.  Instead, she attempted to give
> me an Equivalent Hearing.  Nor did the appeals agent
> provided [sic] the information I requested.
>
> I am filing a petition with the U.S. Tax Court because
> I believe the IRS numbers are wrong and they have
> violated their own procedures.  I think the IRS is
> wrong but I am not sure if I am doing this protest
> right.  I told the IRS I didn't owe them anything and
> they still have not shown me any proof to support their
> claim.  Could you please write to me and let me know
> the procedure?

---

[2] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

[3] While the basis of petitioner's claim is not entirely
clear, we note that it is doubtful that a decision letter
concerning an equivalent hearing could be appealed to this Court.
See Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

I need the help of the Tax Court to clarify this matter. I am unclear as to what rules of procedure and evidence were to preside over my Collection Due Process Hearing. Although I asked many times I never received any information on such procedures. The agent was no help at all.

Now a whole new procedure is beginning and I am more confused. I am unsure of what to do from here. Will you please advise what my next steps are and if there is public council [sic] available for my assistance? When am I supposed to go to court over this? Would I receive the assistance of a public defender?

Thank you for reading my letter and trying to help me.

This document failed to comply with the Rules of the Court as to the form and content of a proper petition. Petitioner also failed to submit the required filing fee. Nevertheless, on July 11, 2005, the Court filed petitioner's document as an imperfect petition. By order dated July 18, 2005, the Court directed petitioner to file a proper amended petition and to pay the filing fee on or before September 1, 2005. The order stated that if an amended petition and the filing fee were not received on or before September 1, 2005, the case would be dismissed. By order dated October 17, 2005, the Court extended the time for petitioner to file a proper amended petition and to pay the filing fee until November 4, 2005. Petitioner paid the filing fee but failed to comply with the Court's orders to file an amended petition. On December 7, 2005, the Court entered an Order of Dismissal for Lack of Jurisdiction (order of dismissal).

On March 6, 2006, 89 days after the order of dismissal was entered, petitioner mailed to the Court, among other documents, a Motion to Vacate Order of Dismissal for Lack of Jurisdiction and Amended Petition. On March 14, 2006, 97 days after the order of dismissal was entered, the Court received petitioner's motion to vacate and amended petition. On March 16, 2006, the Court returned the aforementioned documents to petitioner unfiled explaining that the order of dismissal was final and the documents were late. On June 6, 2006, petitioner mailed to the Court two documents entitled "Motion for Permission to Re-File Motions" (motion for leave) and "Motion to Vacate the Order of Dismissal for Lack of Jurisdiction" (motion to vacate). On June 9, 2006, the Court received the documents and filed petitioner's motion for leave as a "Motion for Leave to File Motion to Vacate". The Court received petitioner's amended petition with the motion for leave and motion to vacate.

### Discussion

This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time. Stewart v. Commissioner, 127 T.C. ___, ___ (2006) (slip op. at 6); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983).

On December 7, 2005, we dismissed petitioner's case for lack of jurisdiction. An order of dismissal for lack of jurisdiction

is treated as the Court's decision.  <u>Stewart v. Commissioner</u>, <u>supra</u> at \_\_\_ (slip op. at 5); <u>Hazim v. Commissioner</u>, 82 T.C. 471, 476 (1984).  Section 7459(c) provides, in relevant part:

> SEC. 7459(c).  Date of Decision.-- * * * if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

The word "decision" refers to decisions determining a deficiency and orders of dismissal for lack of jurisdiction.  <u>Ryan v. Commissioner</u>, 517 F.2d 13, 16 (7th Cir. 1975); <u>Commissioner v. S. Frieder & Sons Co.</u>, 228 F.2d 478, 480 (3d Cir. 1955); <u>Stewart v. Commissioner</u>, <u>supra</u> at \_\_\_ (slip op. at 5).

Except for very limited exceptions, none of which applies here, this Court lacks jurisdiction once an order of dismissal for lack of jurisdiction becomes final within the meaning of section 7481.  <u>Stewart v. Commissioner</u>, <u>supra</u> at \_\_\_ (slip op. at 6-7 & n.3).  A decision of the Tax Court becomes final "Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time".  Sec. 7481(a)(1).  Section 7483 provides that a notice of appeal may be filed within 90 days after a decision is entered.[4]

Pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, if under the Tax Court's Rules a party makes a timely

---

[4] As previously explained, an order of dismissal for lack of jurisdiction is treated as the Court's decision.

motion to vacate or revise a decision, "the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later."[5] Our Rule 162 provides that "Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, <u>unless the Court shall otherwise permit</u>." (Emphasis added.) Petitioner did not file a motion to vacate or revise within 30 days after the Court's order of dismissal was entered. Therefore, in order for his motion to vacate to be considered timely filed, Rule 162 required petitioner to file a motion for leave to file a motion to vacate or revise, the granting of which lies within the sound discretion of the Court. See Rule 162; <u>Heim v. Commissioner</u>, 872

---

[5] Fed. R. App. P. 13(a) provides:

Rule 13. Review of a Decision of the Tax Court.

(a) How Obtained; Time for Filing Notice of Appeal. (1) Review of a decision of the United States Tax Court is commenced by filing a notice of appeal with the Tax Court clerk within 90 days after the entry of the Tax Court's decision. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d). If one party files a timely notice of appeal, any other party may file a notice of appeal within 120 days after the Tax Court's decision is entered. (2) If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later.

F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 5-6); <u>Brookes v. Commissioner</u>, 108 T.C. 1, 7 (1997).

Petitioner's original motion to vacate, which we will treat as a motion for leave to file a motion to vacate, was postmarked and mailed on March 6, 2006, which was prior to the expiration of the 90-day appeal period.  The timely-mailing/timely-filing provisions of section 7502 apply to a motion for leave to file a motion to vacate a decision that is mailed and postmarked prior to, but received by the Court after, the expiration of the 90-day appeal period.  <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 13).

In view of our recent holding in <u>Stewart v. Commissioner</u>, <u>supra</u>, the Court recognizes that the original motion for leave was timely mailed.  Therefore, we have jurisdiction to consider petitioner's motion for leave.  However, whether the Court retains jurisdiction over petitioner's case depends on whether the Court grants leave to file petitioner's motion to vacate. <u>Id.</u> at ___ (slip op. at 14).  If the Court grants the motion for leave, then the time for appeal is extended.  <u>Manchester Group v. Commissioner</u>, 113 F.3d 1087, 1088 (9th Cir. 1997), revg. T.C. Memo. 1994-604; <u>Nordvik v. Commissioner</u>, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731; <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 14).  However, if the motion for leave

is not granted, the motion to vacate cannot be filed.  If the motion to vacate is not filed, the appeal period is not extended, and the order of dismissal for lack of jurisdiction is final. The filing of a taxpayer's motion for leave to file a motion to vacate does not extend the time for appeal unless the Court grants the motion for leave and permits the filing of the motion to vacate.  Nordvik v. Commissioner, supra at 1492; Stewart v. Commissioner, supra at ___ (slip op. at 15-16); Haley v. Commissioner, 805 F. Supp. 834, 836 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).[6]

Whether to grant petitioner's motion for leave is discretionary.  Stewart v. Commissioner, supra at ___ (slip op. at 5-6).  However, a timely motion for leave, without more, is not necessarily sufficient to persuade the Court to grant such motion.  In deciding what action to take, "We are guided primarily by whether it would be in the interest of justice to vacate the prior decision.  But, we also recognize that litigation must end at sometime."  Estate of Egger v. Commissioner, 92 T.C. 1079, 1083 (1989); Manchester Group v. Commissioner, T.C. Memo. 1997-576.

---

[6] In Nordvik v. Commissioner, 67 F.3d 1489, 1492 n.2 (9th Cir. 1995), affg. T.C. Memo. 1992-731, the Court of Appeals for the Ninth Circuit expressly adopted the reasoning of the District Court in Haley v. Commissioner, 805 F. Supp. 834 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

Petitioner failed to file an amended petition or to pay the required filing fee in accordance with the Court's July 18, 2005, order.  On October 17, 2005, the Court extended the time for petitioner to file an amended petition and to pay the filing fee until November 4, 2005.  Though petitioner paid the filing fee, he failed to comply with the Court's orders to file a proper amended petition.  After his case was dismissed for lack of jurisdiction on December 7, 2005, petitioner waited until the time for appeal was about to expire to file his motion for leave.

Petitioner has been afforded several opportunities and sufficient time to file his amended petition.  Petitioner has repeatedly failed to comply with the Court's orders, and he has provided no reasonable excuses for his lack of compliance.  In the exercise of our discretion and in the interests of justice, we will deny petitioner's motion for leave.[7]  It follows that the Court's order of dismissal for lack of jurisdiction in this case

---

[7] See Rice v. Commissioner, T.C. Memo. 2006-236, Walther v. Commissioner, T.C. Memo. 2006-247, and Sprenger v. Commissioner, T.C. Memo. 2006-248, in each of which the taxpayer's imperfect petition, timing of filings, and failure to comply with the Court's orders were similar, resulting in the denial of the taxpayer's motion for leave to file a motion to vacate the order of dismissal for lack of jurisdiction.

became final on March 7, 2006, 90 days after the order was entered.

To reflect the foregoing,

An appropriate order will be issued.