# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-60804
Summary Calendar

FRED SEBASTIAN, III

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent - Appellee

Appeal from the United States Tax Court
Docket No. 3958-06L

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges..

PER CURIAM:[*]

Fred Sebastian, III, pro se, appeals the Tax Court's order denying his motion to vacate the Tax Court's order dismissing his case. For the reasons that follow, we AFFIRM.

I.

The Internal Revenue Service issued a notice of determination to Sebastian on January 4, 2006, informing him that it proposed to collect by levy his unpaid federal income tax for 2002. The notice informed Sebastian that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had 30 days to file a petition in the Tax Court to challenge the determination. The notice also provided mailing and internet addresses from which Sebastian could obtain a petition form and the rules for filing a petition in the Tax Court.

On February 2, 2006, within the 30-day period, Sebastian mailed a letter to the Tax Court in which he stated that he had received the notice of determination, believed that the "hearing was unfair and biased," was "confused" and "unsure of what to do from here," and wanted the Tax Court to "advise what my next steps are." He did not attach the notice of determination or include the filing fee.

The Tax Court treated Sebastian's letter as an imperfect petition. On February 26, 2006, the Tax Court ordered Sebastian to file a proper amended petition by April 13, 2006, and to either pay the filing fee or apply for a waiver of the fee. The court attached to the order a form for the amended petition and provided Sebastian with information on how to apply for a waiver of the filing fee. The court warned Sebastian that, if he failed to comply, the court might dismiss the case. Sebastian did not comply. On May 30, 2006, the Tax Court dismissed his petition for lack of jurisdiction.

The deadline for Sebastian to appeal the order of dismissal was August 28, 2006. On August 31, 2006, the Tax Court received from Sebastian a motion for leave to file a motion to vacate the May 30, 2006 order of dismissal ("motion for leave"). Attached to the motion for leave were a motion to vacate the order, a proposed amended petition, and the filing fee.

On November 9, 2006, the Tax Court ordered the Commissioner to respond to Sebastian's motion for leave. It also scheduled a hearing on Sebastian's motions. In his response, the Commissioner argued that the Tax Court did not have jurisdiction to consider a motion to vacate filed more than 90 days after the order of dismissal and that, unless Sebastian could demonstrate that the motion was mailed on or before August 28, 2006 (90 days from the order of dismissal),

the Tax Court lacked jurisdiction to consider it. On December 27, 2006, the Tax Court entered an order in which it reminded Sebastian that his motion was scheduled for a hearing and ordered him to be prepared to present at the hearing any evidence that he wanted the court to consider in ruling on his motions.

The hearing was conducted on January 22, 2007. Sebastian did not attend the hearing. In a ruling from the bench, the Tax Court held that because Sebastian did not file his motion to vacate within 30 days of the decision, as required by Tax Court Rule 162, he needed leave of court to file it. The court explained that, where a motion for leave to file a late motion to vacate is filed after the decision has become final (after the 90-day period for filing an appeal expires), the court lacks jurisdiction to consider a motion to vacate. Because Sebastian's motion for leave to file the motion to vacate was received by the court three days after the deadline for filing an appeal, the court held that it could consider the motion only if it could be shown that it had a timely postmark. Because the envelope containing the motion for leave and motion to vacate had an illegible postmark and Sebastian provided no evidence that the motion was mailed before the 90-day appeal period expired, the Tax Court concluded that the motion for leave was filed after the order had become final and, consequently, the court lacked jurisdiction to consider the motion.

On January 30, 2007, more than a week after the hearing, the Tax Court received two documents from Sebastian in which he contended that the motion for leave and motion to vacate had been mailed to the court on August 25, 2006. He referred to several exhibits, but none were attached.

The Tax Court entered an order denying Sebastian's motion for leave on February 8, 2007. On May 7, 2007, within 90 days of the entry of the order denying the motion for leave, Sebastian filed a notice of appeal.[1]

---

[1] Sebastian filed the appeal in the Ninth Circuit. The Ninth Circuit transferred the appeal to this court in October 2007. On February 4, 2008, this court dismissed the appeal for

II.

Sebastian argues that his motion for leave to file a motion to vacate the order dismissing his petition was mailed within 90 days of entry of the order of dismissal and, therefore, the Tax Court erred by denying leave to file the motion to vacate.

We review the Tax Court's conclusions of law de novo, its findings of fact for clear error, and its discretionary rulings for abuse of discretion. Bilski v. Commissioner, 69 F.3d 64, 67 (5th Cir. 1995). Whether the Tax Court had jurisdiction to consider Sebastian's motion for leave to file a motion to vacate is a question of law. Harbold v. Commissioner, 51 F.3d 618, 621 (6th Cir. 1995).

"Review of a decision of the Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered." 26 U.S.C. § 7483; see also FED. R. APP. P. 13(a)(1). "If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later." FED. R. APP. P. 13(a)(2). A decision of the Tax Court becomes final if a notice of appeal is not filed within the time allowed by the statute. 26 U.S.C. § 7481(a)(1).

Tax Court Rule 162 provides that a motion to vacate a decision "shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit." "A motion to vacate made after thirty days may nevertheless be considered if a party files a motion for leave to file a motion to vacate before the ninety days to appeal have passed." Manchester Group v. Commissioner, 113 F.3d 1087, 1088 (9th Cir. 1997). Once the 90-day period for filing a notice of appeal expires, the decision of the Tax Court becomes final, and the Tax Court

___

want of prosecution because Sebastian failed to timely pay the docketing fee. The appeal was reinstated in April.

thereafter lacks jurisdiction to grant a motion to vacate in the absence of circumstances not present in this case. See Davenport Recycling Associates v. Commissioner, 220 F.3d 1255, 1259 (11th Cir. 2000); Nordvik v. Commissioner, 67 F.3d 1489, 1491 (9th Cir. 1995); see also Cinema '84 v. Commissioner, 412 F.3d 366, 371 (2d Cir. 2005) (citing cases that have recognized limited exceptions to the rule that the Tax Court does not have jurisdiction to vacate a decision that has become final). "There is no statute that allows the Tax Court to reopen a final decision." Harbold, 51 F.3d at 621. Accordingly, the language in Rule 162 allowing the Tax Court to extend the 30-day period for filing a motion to vacate "can be read to apply only to that time period between the 30th and 90th days after a decision." Webbe v. Commissioner, 902 F.2d 688, 689 (8th Cir. 1990).

Section 7502(a) of the Internal Revenue Code provides that, if any document which must be filed within a prescribed period is after that period delivered by United States mail to the office where it is to be filed, then "the date of the United States postmark stamped on the cover in which such . . . document . . . is mailed shall be deemed to be the date of delivery." 26 U.S.C. § 7502(a). The timely mailing provisions of § 7502 apply to a motion for leave to file a motion to vacate that is filed beyond the 30-day period provided in Rule 162. Manchester Group, 113 F.3d at 1089.

### III.

In the light of the foregoing authorities, this court has jurisdiction to review the Tax Court's order denying Sebastian's motion for leave to file the motion to vacate, because he filed a timely notice of appeal within 90 days of that order. See FED. R. APP. P. 13(a)(1). We do not have jurisdiction, however, to review the May 30, 2006 order dismissing Sebastian's imperfect petition for review, because a motion to vacate filed more than 30 days after the decision only stays the time for an appeal if the Tax Court grants leave for the late filing. Manchester Group, 113 F.3d at 1088. The Tax Court did not grant leave for the

late filing in this case, because it held that it lacked jurisdiction to consider the motion for leave inasmuch as there was no evidence that the motion was mailed to the Tax Court within 90 days after entry of the order of dismissal.

The Tax Court did not err. Sebastian's motion for leave was received by the Tax Court more than 90 days after entry of the order of dismissal. The postmark on the envelope is illegible. The Tax Court scheduled a hearing and ordered Sebastian to present at the hearing any evidence that he wished the court to consider. Sebastian did not attend the hearing and did not present any evidence that he mailed the motion before the 90-day period for appeal expired and the order of dismissal became final. Accordingly, the Tax Court correctly held that it did not have jurisdiction to consider the motion.

Sebastian contends that this court should reverse the Tax Court because he can prove that the motion for leave to file a motion to vacate was mailed before the Tax Court's order of dismissal became final. His record excerpts contain copies of receipts for certified mail and a United States Postal Service money order, both of which are dated August 25, 2006. We cannot consider this evidence, because it was not presented to the Tax Court. See Habeeb v. Commissioner, 559 F.2d 435, 437 (5th Cir. 1977). In any event, as the IRS points out, the certified mail receipt presented by Sebastian for the first time on appeal bears no postmark.

IV.

The Tax Court properly denied Sebastian's motion for leave to file a late motion to vacate because Sebastian failed to demonstrate that the motion had been mailed within 90 days of entry of the order of dismissal. The judgment of the Tax Court is therefore

AFFIRMED.