NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| EMILIO TORRES LUQUE; GABRIELA MEDINA, | No. 23-70145 |
| Petitioners-Appellants, | Tax Ct. No. 14962-10 |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted August 19, 2025[**]

Before: SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Emilio Torres Luque and Gabriela Medina appeal pro se from the Tax

Court's order denying their motion to vacate. We have jurisdiction under 26

U.S.C. § 7482(a)(1). We review for an abuse of discretion. *Abatti v. Comm'r*, 859

F.2d 115, 117 (9th Cir. 1988). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Tax Court did not abuse its discretion by denying petitioners' motion to vacate summary judgment because it lacked jurisdiction to vacate the decision after it became final. *See* 26 U.S.C. § 7481(a)(2)(B) (providing that a Tax Court decision becomes final "[u]pon the denial of a petition for certiorari, if the decision of the Tax Court has been affirmed or the appeal dismissed by the United States Court of Appeals"); *Manchester Grp. v. Comm'r*, 113 F.3d 1087, 1088 & n.1 (9th Cir. 1997) (explaining that "[t]he Tax Court lacks jurisdiction to alter a decision after it becomes final" unless it lacked jurisdiction to enter the decision or the decision resulted from fraud on the court).

Petitioners' motion for clarification (Docket Entry No. 10) is denied.

**AFFIRMED.**