**Patrick James RYAN, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

Nos. 81–2459, 81–2460.

United States Court of Appeals, Third Circuit.

Argued May 14, 1982.

Decided June 2, 1982.

Gannet & Apfel, Newark, N. J. (Herbert M. Gannet (argued), Kenneth S. Apfel, Newark, N. J., on the brief), for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook,

Philip I. Brennan (argued), Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before GIBBONS and HUNTER, Circuit Judges and GERRY, District Judge.*

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

Appellant Patrick James Ryan is an individual taxpayer who has filed his federal income tax returns based on a calendar year. On March 1, 1977, the Commissioner of Internal Revenue (hereinafter Commissioner) invoked 26 U.S.C. § 6851(a) which authorizes, under certain circumstances, a termination of an individual's taxable year. On April 11, 1977, the Commissioner made a termination assessment of $81,107.64 against Ryan for the period between January 1, 1977 and March 1, 1977.

On April 11, 1978, Ryan applied for an automatic extension of time until June 15, 1978 to file his 1977 tax return. Later an additional extension was granted for filing until September 15, 1978. The Commissioner, on June 14, 1978, inadvertently issued a notice of deficiency to appellant (hereinafter First Notice) for the 1977 tax year. Ryan filed a timely petition with the Tax Court on September 11, 1978, protesting the alleged deficiency. A second notice of deficiency, identical to the First Notice, was sent to Ryan on November 14, 1978 (hereinafter Second Notice). Ryan filed a timely petition protesting the findings of the Second Notice.

Ryan requested the Tax Court to grant summary judgment in both cases. The Tax Court dismissed the first case because the First Notice was issued prematurely and the Tax Court therefore lacked jurisdiction over the matter. However, the Tax Court refused to grant summary judgment as to the Second Notice since there were factual issues still to be decided. The Tax Court also rejected Ryan's argument that the notices were arbitrary and excessive and that

the burden of proof should be shifted to the Commissioner.

Ryan appeals in both cases. First, in No. 81–2459, he claims that although the First Notice was premature, the Tax Court should not have dismissed this case for lack of jurisdiction. Rather, he argues, the Tax Court did have jurisdiction and should have either dismissed the case with prejudice against the Commissioner or let it stand as a bar to a second deficiency notice under Section 6212(c)(1). Ryan also appeals the ruling in the second case, No. 81–2460, claiming that the Second Notice fails to confer jurisdiction or, in the alternative, that it should be dismissed with prejudice because it did not consider appellant's tax return. He further argues that the Second Notice was arbitrary and excessive and should shift the burden of proof onto the Commissioner.

The Commissioner, while objecting to Ryan's arguments on the merits, also maintains that this court does not have jurisdiction to hear these appeals. The Commissioner argues that the first case was decided in Ryan's favor and that he therefore cannot maintain this appeal. He also claims that this court should not rule on the second case because it is an interlocutory appeal. We agree with the Commissioner that this court does not have jurisdiction to entertain either appeal.

■■■ The general rule is that a party may not appeal a favorable decision. *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242, 59 S.Ct. 860, 861, 83 L.Ed. 1263 (1939). This rule has been applied to Tax Court decisions as well. *W. W. Windle Co. v. Commissioner*, 550 F.2d 43 (1st Cir.), cert. denied, 431 U.S. 966, 97 S.Ct. 2923, 53 L.Ed.2d 1062 (1977). In this case, the Tax Court found that it lacked jurisdiction to review issuance of the First Notice and dismissed Ryan's petition without prejudice. Ryan appeals, claiming that since he sought a dismissal with prejudice, the Tax Court's decision was unfavorable. In another con-

---

* Hon. John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation.

text, it has been held that dismissal of a criminal prosecution cannot be appealed by a defendant who requested a dismissal with prejudice. *United States v. Lanham*, 631 F.2d 356 (4th Cir. 1980); *see also Parr v. United States*, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956). The actual order dismissing is favorable, and a party cannot appeal based on an issue arising in a potential later case. Thus Ryan may only appeal the Tax Court's refusal to dismiss with prejudice when a final order is entered in a later proceeding.

The Commissioner also contends that this court has no jurisdiction to hear an interlocutory appeal concerning the Second Notice. Both parties agree that jurisdiction in this court, if any, must be based on 26 U.S.C. § 7482(a), which grants exclusive jurisdiction to the United States Courts of Appeals to review decisions of the Tax Court. The debate revolves around what constitutes a "decision" as employed in that section.

The Supreme Court has already read Section 7482(a) in an expansive manner by permitting review of matters that are not directly revenue issues. *United States v. California Eastern Line, Inc.*, 348 U.S. 351, 75 S.Ct. 419, 99 L.Ed. 383 (1955). But the Court has not ruled on the extent to which interlocutory appeals are permitted under Section 7482(a).

The Commissioner urges this court to adopt the holding of *Commissioner v. Smith Paper, Inc.*, 222 F.2d 126 (1st Cir. 1955), that a "decision" as used in Section 7482(a) is limited to those rulings listed in 26 U.S.C. § 7459(c). Section 7459(c) provides that "a decision of the Tax Court, (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered into the records of the Tax Court." *Smith Paper* held that the only decisions that may be appealed are an order specifying an amount of deficiency or a dismissal for lack of jurisdiction.

■ However, the weight of authorities, including this court, favors a rejection of such a narrow interpretation of an appealable "decision" and holds that an appellate court has jurisdiction to review more than the two types of decisions listed in Section 7459(c). Numerous cases hold that a court of appeals may consider an appeal as long as it arises out of a final decision of the Tax Court. *Estate of Smith v. Commissioner*, 638 F.2d 665 (3d Cir. 1981); *Commissioner v. S. Frieder & Sons Co.*, 228 F.2d 478 (3d Cir. 1955); *Licavoli v. Commissioner*, 318 F.2d 281 (6th Cir. 1963); *Louisville Builders Supply Co. v. Commissioner*, 294 F.2d 333 (6th Cir. 1961).

In *Estate of Smith*, the appellant sought review of an order of the Tax Court denying intervention in a suit contesting an estate tax deficiency. Although this court refused to hear the appeal since it was based on a decision by a special trial judge and not by the Tax Court, the court specifically concluded that an order denying intervention is a "decision" for purposes of appellate jurisdiction. As the court stated, "Nothing further would remain to be done on appellant's petition and recourse, if any, would be through appeal." 638 F.2d at 668. The essence of the holding in *Estate of Smith* is that every Tax Court decision has to be reviewable at some time, but only when the holding is final. Thus Ryan need not show a decision as defined by Section 7459(c), but only that the Tax Court ruling was a final order in that there was nothing left to do but appeal.

■ That, however, is where Ryan's argument fails. He fails to show why his appeal should not be considered interlocutory. The finality required by *Estate of Smith* is not present here. The Tax Court denied a motion for summary judgment because there were issues of fact to be determined at trial and, by its nature, a denial of a summary judgment motion is not a final decision. *See, e.g., Morgenstern Chemical Co. v. Schering Corp.*, 181 F.2d 160 (3d Cir. 1950).

Ryan maintains that an appeal should be permitted nevertheless, first because the issues are closely related to those involved in the First Notice. However, as noted above, this court does not have jurisdiction to en-

tertain an appeal as to the First Notice. Second, Ryan urges that since the issues under consideration have "great substantive effect" on the case, a denial of summary judgment should be characterized as a "decision." Precedent does exist for a "great substantive effect" rule, but the present case is not an appropriate one in which to invoke that rule. In *S. Frieder & Sons* the court of appeals stated that the Tax Court order had the effect of "denying the essential nature" of that case. *Id.* at 482. Clearly that characterization does not apply to the present case. There are many issues of fact and law still to be decided by the Tax Court and the essential nature of the case is still preserved.

In appeal No. 81–2459, from the dismissal of the First Notice, we lack jurisdiction since Ryan may not appeal a favorable decision. In appeal No. 81–2460, from the denial of summary judgment on the Second Notice, we lack jurisdiction since the order is interlocutory. Thus we reach no conclusion as to the merits of either appeal. Both appeals will be dismissed.