

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2008

# Vilas Urtekar v. Commissioner of Inte

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Vilas Urtekar v. Commissioner of Inte" (2008). *2008 Decisions*. Paper 107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1317
_____

VILAS URTEKAR,

                Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(Tax Court No. 06-25298)
Tax Court Judge:  Honorable David Laro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

Before: SLOVITER, AMBRO and STAPLETON, Circuit Judges

(Opinion filed: December 15, 2008)

_____

OPINION
_____

PER CURIAM

     Vilas Urtekar appeals pro se from the order of the Tax Court denying him leave to

file a motion to vacate the Tax Court's order entering summary judgment in favor of the

Commissioner of Internal Revenue.  For the following reasons, we will vacate and

remand for further proceedings.

I.

Urtekar failed to file a federal income tax return for the tax year 2003. The Commissioner prepared a substitute return, assessed Urtekar's tax liability as $4,791.00, and issued a notice of deficiency in March 2005. In December 2005, the IRS sent Urtekar notice of its intent to collect the deficiency by levy. Pursuant to 26 U.S.C. § 6330, the notice informed Urtekar that he had the right to request a collection due process hearing in order to discuss collection alternatives or other relevant issues.[1]

Urtekar requested such a hearing in January 2006, and initially raised only "tax-protester"-type arguments. By letter, a Settlement Officer advised Urtekar that face-to-face hearings are not available to discuss frivolous issues and scheduled Urtekar's hearing to occur by telephone. The Settlement Officer further requested that Urtekar complete and return a collection information form, file his 2005 tax return and submit other relevant information. Urtekar responded by letter and insisted on a face-to-face hearing.

---

[1]Other courts have described the relevant statutory framework in some detail. See, e.g., Kindred v. Comm'r, 454 F.3d 688, 694-95 (7th Cir. 2006); Living Care Alternatives of Utica v. United States, 411 F.3d 621, 624-25 (6th Cir. 2005). Briefly, an IRS Settlement Officer conducts the hearing, which need not be face-to-face and may instead consist of a telephonic conference or correspondence. See Living Care, 411 F.3d at 624. During the hearing, the taxpayer is permitted, inter alia, to propose collection alternatives such as a settlement or payment schedule, and the Settlement Officer ultimately must determine whether the proposed levy "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3); Kindred, 454 F.3d at 695; Living Care, 411 F.3d at 625. The Settlement Officer's decision generally is reviewable by the Tax Court for abuse of discretion. See Kindred, 454 F.3d at 694.

He also withdrew any "frivolous" arguments he may have made and stated that he wanted to address at the hearing, <u>inter</u> <u>alia</u>, otherwise-unspecified collection alternatives and procedural irregularities. The Settlement Officer then requested that Urtekar specify which non-frivolous issues he wished to discuss. In response, Urtekar once again stated that he wanted to discuss collection alternatives generally. He also refused to provide a collection information form or a 2005 tax return, stating instead that he would bring them to a face-to-face hearing.

On November 1, 2006, the IRS issued a notice of determination upholding the proposed levy and attaching the Settlement Officer's report. The Settlement Officer explained, <u>inter</u> <u>alia</u>, that he did not afford Urtekar a face-to-face hearing, and could not conclude that Urtekar was eligible for collection alternatives, because Urtekar never specified what he wanted to discuss and never provided the information necessary to consider the viability of such alternatives.

Urtekar appealed to the Tax Court, raising as his sole issue the Settlement Officer's refusal to afford him a face-to-face hearing. The Commissioner moved for summary judgment. By order entered August 3, 2007, the Tax Court granted the motion, explaining that it was doing so "[u]pon due consideration" of the parties' filings but otherwise not specifying the basis for its decision.[2]

---

[2]The Commissioner argues that the basis for this decision is obvious because the only issue before the Tax Court was whether the Settlement Officer had abused his discretion in failing to conduct a face-to-face hearing. The Commissioner, however, raised several

On August 20, 2007, Urtekar submitted to the Tax Court a document captioned as a "Motion for Re-Hearing and Re-Hearing En Blanc [sic]," in which he reiterated his earlier argument and complained that the Tax Court had not explained the basis for its decision. On September 11, 2007, the Tax Court returned the document unfiled with a transmittal form explaining that it was "[n]ot a proper document to be filed with the Court" and citing Tax Court Rule 162, which governs motions to vacate or revise decisions of the Tax Court. On September 26, 2007, Urtekar again submitted his document with the same caption. The Tax Court again refused to accept the document for filing and, on October 23, 2007, returned it to Urtekar with the explanation that, if the motion was "meant to be a 'Motion to Vacate Order and Decision,' it should be so characterized, and now must be accompanied by a separate 'Motion for Leave to File Motion to Vacate.'" Finally, on November 19, 2007, Urtekar filed a one-page motion for leave to file a motion to vacate, together with a motion to vacate explaining his previous attempts to seek relief from the Tax Court's ruling. The Tax Court denied the motion for leave to file on November 29, 2007, by stamping it "denied." Urtekar appeals, and the Commissioner has filed a motion to dismiss the appeal for lack of jurisdiction.

II.

factual arguments in support of the Settlement Officer's decision, and it is not clear from the Tax Court's order whether it found all or merely some of them persuasive. The entry of summary judgment itself is not before us, and we express no opinion on the merits of that decision.

The specific order under review is the Tax Court's order denying Urtekar's motion for leave to file a motion to vacate the Tax Court's entry of summary judgment. Although the Commissioner moved to dismiss this appeal for lack of jurisdiction, he now concedes in his brief that we have jurisdiction to review that order, and we agree.[3] We review the Tax Court's denial of leave to file a motion to vacate for abuse of discretion. See Davenport Recycling Assocs. v. Comm'r, 220 F.3d 1255, 1258 (11th Cir. 2000); Stickler v. Comm'r, 464 F.2d 368, 369-70 (3d Cir. 1972). We conclude that the Tax Court abused its discretion here.

Although Urtekar has not so framed the issue, our conclusion rests on two circumstances that he raises in his brief. First, after the Tax Court entered judgment against Urtekar without explanation, it rebuffed for technical reasons his timely, pro se efforts to seek an explanation for and relief from that ruling. Tax Court Rule 162 allows a litigant to file a motion to vacate or revise a Tax Court decision as of right within thirty days, or with leave of the Tax Court within ninety days, of the decision. See Tax Ct. R.

---

[3]Urtekar's notice of appeal was timely because he filed it within ninety days of the Tax Court's denial of his motion for leave to file a motion to vacate. See 26 U.S.C. § 7483; Fed. R. App. P. 13(a). Under 26 U.S.C. § 7482(a)(1), we have jurisdiction "to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury[.]" When assessing post-judgment orders like the one at issue here, we take a practical view of finality and treat as final orders those for which there otherwise would be no avenue of review. See Ohntrup v. Firearms Center, Inc., 802 F.2d 676, 678 (3d Cir. 1986). See also Ryan v. Comm'r, 680 F.2d 324, 326 (3d Cir. 1982) ("[E]very Tax Court decision has to be reviewable at some time, but only when the holding is final.").

162; 26 U.S.C. § 7481(a)(1). The Tax Court entered judgment on August 3, 2007, so Urtekar had thirty days, or until September 4, 2007 (September 2 being the Sunday before Labor Day), to file as of right a motion to vacate or revise. On August 20, 2007, Urtekar filed his "Motion for Re-Hearing and Re-Hearing En Blanc [sic]." In that document, Urtekar argued that the Tax Court's ruling was erroneous for several reasons, including its failure to explain its rationale. Thus, it was in substance a motion to "vacate or revise" that ruling. The Tax Court, however, refused to accept it for filing because it was not so captioned. That refusal was improper in light of Urtekar's pro se status. We and other courts have held that the Tax Court is required to liberally construe pro se submissions when applying its rules of procedure. See, e.g. Christensen v. Comm'r, 786 F.2d 1382, 1384-85 (9th Cir. 1986); Becker v. Comm'r, 751 F.2d 146, 149 (3d Cir. 1985).[4]

Second, when Urtekar ultimately filed his motion for leave to file a motion to

---

[4]The Commissioner argues that the Tax Court, unlike district courts, is expressly permitted to refuse technically non-conforming documents for filing. Compare Tax. Ct. R. 23(g), with Fed. R. Civ. P. 5(d)(4). This generally-applicable rule does not supercede the Tax Court's obligation to liberally construe pro se submissions. We recognize, as the Commissioner argues, that the Tax Court twice gave Urtekar guidance on how to file a proper motion – in its September 11, 2007 transmittal form, in which it cited Tax Court Rule 162, and in its October 23, 2007 transmittal form, in which it expressly invited Urtekar to file a motion for leave to file a motion to vacate. By September 11, however, more than thirty days already had elapsed since the entry of judgment, so Urtekar would have had to have obtained leave from the Tax Court to file a motion to vacate after that date. See Tax Ct. R. 162. Urtekar would not have had to clear that additional hurdle if the Tax Court had construed his August 20 submission as a motion to vacate filed as of right. Moreover, the Tax Court's September 11 citation to Rule 162 was ambiguous. Urtekar argues that he understood the citation to refer to the thirty-day limitation contained in Rule 162, with which he thought he had complied.

vacate at the Tax Court's invitation, the Tax Court compounded its earlier failure to explain the basis for its entry of summary judgment by simply stamping the motion for leave to file "denied."  Thus, we do not know the basis on which the Tax Court exercised its discretion.  Under these circumstances, the Tax Court abused its discretion in denying Urtekar's motion for leave to file a motion to vacate without at least explaining why.[5]

Accordingly, we will vacate the order of the Tax Court denying Urtekar leave to file a motion to vacate the Tax Court's entry of summary judgment.  On remand, the Tax Court is directed either to grant Urtekar's motion for leave to file a motion to vacate nunc pro tunc and rule on the merits of his motion to vacate, or to explain its reasons for denying him leave to file that motion in sufficient detail to permit appellate review.  The Commissioner's motion to dismiss this appeal is denied.[6]

---

[5]The Commissioner argues that the denial of leave was required because, once ninety days from the entry of summary judgment passed without Urtekar filing either a notice of appeal or a proper motion to vacate, the order entering summary judgment became final and the Tax Court no longer had jurisdiction to vacate or revise it.  See, e.g., Stickler, 464 F.2d at 370.  If that was indeed the basis for the Tax Court's denial of Urtekar's motion for leave to file his motion to vacate, then it was erroneous.  As explained above, Urtekar filed what the Tax Court should have construed as a timely motion to vacate or revise, which would have tolled the time period for appealing the entry of summary judgment and thus prevented that judgment from becoming final.  See Fed. R. App. P. 13(a)(2); 26 U.S.C. § 7481(a)(1).  Under these circumstances, the Tax Court could have granted Urtekar leave to file the motion nunc pro tunc and deemed it filed as of August 20, 2007.

[6]Judge Sloviter would grant the Commissioner's motion to dismiss this appeal.

7