# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1696

_____

Charles A. Sisson; Maralee M. Sisson

*Appellant*s

v.

Commissioner of Internal Revenue

*Appellee*

_____

Appeal from the United States Tax Court

_____

Submitted: November 7, 2012
Filed: November 7, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Charles Sisson and Maralee Sisson appeal following the tax court's March 9, 2011 dismissal of their petition for review of a notice of tax deficiency issued by the Commissioner of Internal Revenue (IRS), and the tax court's January 3, 2012 denial of their motion seeking permission to file a motion to vacate or revise the court's

March 9 dismissal order. This court vacates the January 3 order and remands with instructions for further proceedings.

In July 2009, proceeding pro se, the Sissons filed a petition in the tax court challenging an April 2009 notice of deficiency related to tax years 2005-2007. After the Sissons twice failed to appear for scheduled trials, the tax court entered an order on March 9, 2011 granting the motion of the IRS to dismiss for lack of prosecution, and assessing deficiencies and penalties against each of the Sissons.

The record shows that on April 6, 2011, the Sissons tendered to the tax court a pleading titled "Rule 162. Motion to Vacate or Revise Tax Court decision," which referenced the tax court docket number and the date of the dismissal order, and sought to vacate the tax court's March 9 order, arguing the Sissons were unaware of the trial dates and had been led by the IRS to believe the matter would not proceed until Charles was discharged from bankruptcy. The tax court did not docket the motion, instead returning it to the Sissons, apparently because it did not contain a properly formatted caption, and was titled a motion to vacate or revise a "Tax Court decision" instead of an "Order of Dismissal and Decision." The Sissons attempted to conform their pleading to the tax court's directions, and submitted a revised motion on May 12, with a motion seeking permission to file their motion to vacate or revise outside the thirty-day limit for such motions. The tax court rejected both motions without docketing them, and returned them to the Sissons for correction. The Sissons again revised their motion to vacate or revise and submitted it a third time, on June 22, together with another motion seeking leave to file out of time. This time the tax court docketed the motion for leave to file out of time and "lodged" the motion to vacate or revise. On January 3, 2012, the tax court denied leave to file the motion to vacate or revise its March 9 order, apparently based on the IRS's objection that the order had become final. The Sissons filed a notice of appeal on March 21.

This court denies the IRS's pending motion to dismiss the appeal as untimely, as the Sissons have timely filed an appeal of the January 3 order. *See* 26 U.S.C.

§ 7483 (notice of appeal from tax court decision must be filed within 90 days); Fed. R. App. P. 13(a)(1) (same).

While it is true that the tax court has very limited authority to vacate a decision after it becomes final, *see Arkansas Oil and Gas, Inc. v. C.I.R.*, 114 F.3d 795, 798 (8th Cir. 1997), this was not a proper basis for denying the Sissons' motion. The tax court erred in refusing to file the Sissons' timely April 6 motion to vacate or revise its March 9 order. *See* Tax Ct. R. 162 (right to file a motion to vacate or revise tax court decision within 30 days). Even if the caption and title of the pro se motion were not technically correct, it was clear which case was involved, which order the Sissons sought to vacate, and that the motion was brought pursuant to Rule 162. *See Scherping v. C.I.R.*, 747 F.2d 478, 480 (8th Cir. 1984) (per curiam) (pro se pleadings should be liberally construed by tax court); *Urtekar v. C.I.R.*, 302 Fed. Appx. 64 (3rd Cir. 2008) (unpublished per curiam); *Webb v. C.I.R.*, 1994 WL 273743 at *2 (9th Cir. 1994) (unpublished).

Because the Sissons' Rule 162 motion was timely filed, they did not need the tax court's leave to file the motion. The timely Rule 162 motion tolls the time for appealing the March 9 order, so that the order has not become final and is subject to revision by the tax court, if the court finds merit to the Sissons' motion. *See* 26 U.S.C. § 7481(a)(1) (decision of tax court becomes final upon expiration of time allowed for filing notice of appeal, if no such notice has been duly filed within such time); Fed. R. App. P. 13(a)(2) (timely motion to vacate or revise the tax court's decision tolls the time for appeal).

The order denying leave is vacated and this case is remanded to the tax court with directions to file the Sissons' Rule 162 motion with a docket filing date of April 6, 2011, and to consider the merits of the motion. Should the tax court deny the motion, the Sissons may file a notice of appeal challenging the March 9 dismissal order within ninety days of the tax court's order denying their Rule 162 motion.

_____