PS3-023                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2715
_____

BARBARA KUPERSMIT,
                                   Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. No. 13428-14)
Tax Court Judge:  Honorable David Gustafson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2015
Before:  FISHER, SHWARTZ and COWEN, Circuit Judges

(Opinion filed: November 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Barbara Kupersmit appeals pro se from the Tax Court's order and decision of July

2, 2015, which found in favor of Kupersmit that she was not liable for a $5000 frivolous-

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent

return penalty assessed pursuant to I.R.C. § 6702(a). Kupersmit also appeals the Tax Court's order denying her motion to consolidate her case with Tax Court proceedings involving her husband, Harold Kupersmit. For the reasons that follow, we will dismiss the appeal of the Tax Court's order and decision in favor of Kupersmit for lack of jurisdiction, and we will affirm the Tax Court's order denying Kupersmit's motion to consolidate.

This appeal concerns a joint 2007 Form 1040 tax return that Kupersmit and her husband Harold signed and filed in 2012 amidst disputes between the IRS and the Kupersmits. The IRS determined that the return was frivolous and assessed a $5000 penalty, then sought to levy Kupersmit's assets to collect on the penalty. Although both Kupersmit and her husband Harold had signed the return, the IRS did not then also attempt to levy Harold's assets. The dispute eventually came before the Tax Court, with a trial set for June 2015. On May 18, 2015, less than a month before trial in the Tax Court, Kupersmit moved to join the case involving her frivolous-return penalty with other tax proceedings involving her husband Harold, which had been set for trial in September 2015. The Tax Court construed the motion as a motion to consolidate, and denied the motion as untimely and because Harold Kupersmit's tax matters did not share a common question of law or fact with Kupersmit's frivolous-return matter.

At trial, the Tax Court concluded that the IRS had not met its burden to show that the 2007 return was frivolous, and thus found that Kupersmit was not liable for the $5000 penalty. During those proceedings, Kupersmit requested that the Tax Court join Harold's

2

potential liability for the frivolous return with her own case, but the Tax Court denied that request. The Tax Court then issued a written Order and Decision on July 2, 2015, which held that Kupersmit was not liable for the frivolous-return penalty. Kupersmit timely appealed, seeking to reverse the Tax Court's denial of her request for consolidation and requesting various other forms of relief.

As an initial matter, the Commissioner argues that we have no appellate jurisdiction over the Tax Court's ruling concerning Kupersmit's frivolous-return penalty. Appellate jurisdiction over Tax Court orders is established by I.R.C. § 7482(a)(1), which provides: "The United States Courts of Appeals . . . shall have exclusive jurisdiction to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury . . . ." A party may not appeal a Tax Court decision that went in his or her favor. Ryan v. Comm'r, 680 F.2d 324, 325 (3d Cir. 1982). Here, Kupersmit seeks to appeal a ruling that went in her favor. As a result, we lack jurisdiction over Kupersmit's appeal from the July 2, 2015 Order and Decision concerning the government's attempt to impose a frivolous-return penalty on Kupersmit.

That leaves us to consider the denial of Kupersmit's motion to consolidate her frivolous-return case with tax proceedings involving her husband Harold. We may consider that denial on appeal because for purposes of our jurisdiction, that "Tax Court ruling was a final order in that there was nothing left to do but appeal." See id. at 326.

3

The Tax Court may order a joint hearing or trial of matters in issue when cases involving a common question of law or fact are pending before the court. Tax Ct. R. 141(a). The decision on whether to consolidate matters is reviewed for an abuse of discretion. Cohen v. Comm'r, 176 F.2d 394, 396 (10th Cir. 1949). Here, there is no indication that the Tax Court abused its discretion. Kupersmit's husband Harold has had multiple pending tax matters that will likely eventually determine any tax deficiency he owes—including, perhaps, whether he owes any frivolous-return penalties. Adding issues from those matters to Kupersmit's comparatively simple case involving a single collection effort would not conserve judicial resources or assist the parties. Whatever deficiency Harold might owe, and any collection efforts that might follow from that deficiency, is best determined in his already-pending tax litigation.

In light of the foregoing, we will dismiss the appeal in part and affirm the judgment in part. Kupersmit's other requests for relief are denied, including the requests set out in Kupersmit's opposition filed on November 5, 2015.